FILED

2012 MAR -2 PM 12: 03

CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
LOS ANGELES

BY _____

1  Randall J. Sunshine, Esq. (SBN: 137363)
       rsunshine@linerlaw.com
2  Angela C. Agrusa, Esq. (SBN: 131337)
       aagrusa@linerlaw.com
3  Allen Lohse, Esq. (SBN: 236018)
       alohse@linerlaw.com
4  LINER GRODE STEIN YANKELEVITZ
   SUNSHINE REGENSTREIF & TAYLOR LLP
5  1100 Glendon Avenue, 14th Floor
   Los Angeles, California 90024-3503
6  Telephone: (310) 500-3500
   Facsimile: (310) 500-3501
7
   Attorneys for Defendants
8  HILTON WORLDWIDE, INC and
   HILTON RESERVATIONS WORLDWIDE, LLC
9

10              UNITED STATES DISTRICT COURT

11              CENTRAL DISTRICT OF CALIFORNIA

12

13  RICK YOUNG, individually and on        )  Case No.
    behalf of a class and subclass of similarly )  CV12 1788 - R
14  situated individuals,                   )      (PJWx)
                                            )
15              Plaintiff,                  )  NOTICE OF REMOVAL OF
                                            )  CIVIL ACTION
16       vs.                                )
                                            )  [28 U.S.C. sections 1332(d), 1441,
17  HILTON WORLDWIDE, INC.; HILTON          )  1446 and 1453]
    RESERVATIONS WORLDWIDE, LLC;            )
18  and DOES 1 through 10, inclusive,       )
                                            )
19              Defendants.                 )
                                            )
20
21
22
23
24
25
26
27
28

                                            Case No.
_____
                    NOTICE OF REMOVAL

0041222/016/ 517642v02

1   **PLEASE TAKE NOTICE** that, pursuant to 28 U.S.C. §§ 1332(d), 1441,

2   1446 and 1453, Defendants Hilton Worldwide, Inc. and Hilton Reservations

3   Worldwide, LLC (collectively, "Hilton"), contemporaneously with the filing of this

4   Notice, are effecting the removal of the action described below from the Superior

5   Court of the State of California for the County of Los Angeles to the United States

6   District Court for the Central District of California.

7       1.    On or about January 27, 2012, Plaintiff Rick Young ("Plaintiff")

8   commenced an action in the Superior Court of the State of California for the County

9   of Los Angeles entitled *Rick Young, individually and on behalf of a class and*

10  *subclass of similarly situated individuals v. Hilton Worldwide, Inc. and Hilton*

11  *Reservations Worldwide, LLC; and DOES 1 through 10, inclusive,* Case No.

12  BC477922 (the "Action").  Attached hereto as Exhibit "A" are true and correct

13  copies of the Summons and Complaint, State Civil Case Cover Sheet, Civil Case

14  Cover Sheet Addendum, Notice of Case Assignment – Unlimited Civil Case, Los

15  Angeles Superior Court form stipulations, and Alternative Dispute Resolution

16  Information Packet (collectively, the "Complaint").  Attached hereto as Exhibit "B"

17  are true and correct copies of the February 10, 2012 "Court Ruling re Complex

18  Determination" and the Notice of Entry of that order, and the February 15, 2012

19  "Notice of Status Conference and Order," and the Notice of Entry of that order, in

20  the Action.

21      2.    Exhibits "A" and "B" constitute all the process, pleadings, notices and

22  orders delivered to any party in the Superior Court action, and are hereby

23  incorporated by reference.

24      3.    On February 1, 2012, Hilton was personally served with the Complaint

25  via its registered agent for service of process.  Accordingly, this Notice of Removal

26  is timely, as it is filed within thirty (30) days of Hilton's receipt of the Complaint.

27  See 28 U.S.C. § 1446(b).

28

1          Case No. _____
NOTICE OF REMOVAL

0041222/016/ 517642v02

1      **4.    Federal Diversity Jurisdiction Exists Under the Class Action**

2  **Fairness Act of 2005 ("CAFA").**  This Action is a civil action which may be

3  removed to this Court by Hilton pursuant to the provisions of 28 U.S.C. §§ 1332(d),

4  1441, and 1453 in that the matter in controversy exceeds, exclusive of interest and

5  costs, the sum specified in 28 U.S.C. § 1332(d), and is a class action in which, at the

6  time the Complaint was filed and at the time of this removal, any member of a class

7  of plaintiffs is a citizen of a State different from any defendant, as shown in more

8  detail below.[1]  CAFA provides that a class action against a non-governmental entity

9  may be removed if (1) the number of proposed class members is not less than 100;

10  (2) any member of the proposed plaintiff class is a citizen of a State different from

11  any defendant; and (3) the aggregate amount in controversy, exclusive of interest and

12  costs, exceeds the amount set forth in 28 U.S.C. § 1332(d).

13      **5.    Matter in Controversy in Excess of $5,000,000:**  In the Complaint,

14  Plaintiff seeks statutory damages pursuant to Penal Code § 637.2 in the amount of

15  $5,000 for "all individuals that called 1-800-HAMPTON and were secretly or non-

16  consensually recorded" in violation of Penal Code § 632.  See Compl., ¶ 3.  Plaintiff

17  further alleges that the "1-800-HAMPTON" number at issue services "1,700

18  Hampton hotels," and customers call this number "seeking to make or change

19  reservations or seeking to comment on their stay" at these 1,700 hotels.  See Compl.,

20  ¶ 1.  Thus, the Complaint alleges a class of over one thousand potential members.

21  See Compl., ¶¶ 1-2.  The $5 million jurisdictional minimum required to remove a

22  complaint under CAFA may be based on aggregation of the claims of all potential

23  class members.  28 U.S.C. § 1332(d).  Accordingly, this action is removable under

24

25  [1] This Notice of Removal is based on the allegations of the Complaint.  In arguing
26  that Plaintiff has alleged facts sufficient to demonstrate removability under CAFA,
    Hilton does not admit any of Plaintiff's allegations in the Complaint.  Hilton does not
27  admit that the Complaint states a claim upon which relief may be granted, nor does
    Hilton admit that Plaintiff is entitled to any damages, class certification, or any of the
28  other relief requested in the Complaint.

0041222/016/ 517642v02

1  CAFA in that the number of proposed class members is not less than 100 and the

2  aggregated amount in controversy exceeds the sum specified in 28 U.S.C. § 1332(d).

3     6.   **Diversity of Citizenship:**  At all times herein mentioned, Plaintiff Rick

4  Young was and still is a citizen of the State of California, residing in Calabasas,

5  California.  See Compl., ¶ 4.  Plaintiff seeks to represent a class of "[a]ll persons

6  located in California who … participated in one or more telephone conversations

7  with the Hampton central reservations call center and whose calls with the Hampton

8  central reservations call center were recorded by Defendants without notice."

9  Compl., ¶ 22.  At all times herein mentioned, Hilton Worldwide, Inc. was, at the time

10  of the filing of the State Court Action, and still is, as of the date of this removal, a

11  citizen of the State of Delaware and the Commonwealth of Virginia; is incorporated,

12  organized, and existing under the laws of the State of Delaware; and has its principal

13  place of business in McLean, Virginia.  See Compl., ¶ 5.  At all times herein

14  mentioned, Hilton Reservations Worldwide, LLC was, at the time of the filing of the

15  State Court Action, and still is, as of the date of this removal, a citizen of the States

16  of Delaware and Texas; is incorporated, organized, and existing under the laws of the

17  State of Delaware; and has its principal place of business in Carrolton, Texas.  See

18  Compl., ¶ 6.  Accordingly, there is sufficient "minimal diversity" under the Class

19  Action Fairness Act of 2005 to merit removal.  See 28 U.S.C. § 1332(d)(2)(A).

20     7.   This diversity that exists in this action not only satisfies the minimal

21  diversity of citizenship requirement under CAFA, but also precludes applicability of

22  exceptions in 28 U.S.C. § 1332(d)(3) and (d)(4) because Hilton is not a citizen of the

23  forum state of California.

24     8.   For all the foregoing reasons, this Court has original jurisdiction under

25  28 U.S.C. §§ 1332(d), 1441(b), 1446 and 1453.

26  //

27  //

28

1    9.    Counsel for Hilton certifies, pursuant to 28 U.S.C. § 1446(d), that it will

2  promptly give notice of filing this Notice of Removal to Plaintiff through his counsel

3  of record and will promptly file with the Clerk of the Superior Court of the State of

4  California, County of Los Angeles a copy of the Notice of Removal.

5

6  Dated:  March 2, 2012                    LINER GRODE STEIN YANKELEVITZ
                                           SUNSHINE REGENSTREIF & TAYLOR LLP
7

8                                          By:  _____

9                                              Randall J. Sunshine
                                               Angela C. Agrusa
10                                             Allen Lohse
                                               Attorneys for Defendants
11                                             HILTON WORLDWIDE, INC and
                                               HILTON RESERVATIONS
12                                             WORLDWIDE, LLC

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

                                        4          Case No. _____
                                  NOTICE OF REMOVAL

0041222/016/ 517642v02

# EXHIBIT "A"

SUM-100

# SUMMONS
## (CITACION JUDICIAL)

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

HILTON WORLDWIDE, INC.; HILTON RESERVATIONS
WORLDWIDE, LLC; and DOES 1 through 10, inclusive

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

RICK YOUNG, individually and on behalf of a class and subclass of
similarly situated individuals

FOR COURT USE ONLY
*(SOLO PARA USO DE LA CORTE)*

CONFORMED COPY
ORIGINAL FILED
SUPERIOR COURT OF CALIFORNIA
COUNTY OF LOS ANGELES

JAN 27 2012

John A. Clarke, Executive Officer/Clerk
BY _____, Deputy
Shaunya Wesley

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| | |
|---|---|
| The name and address of the court is: <br>*(El nombre y dirección de la corte es):* Los Angeles County Superior Court <br><br>Central District, 111 North Hill Street<br>Los Angeles, CA 90012 | CASE NUMBER:<br>*(Número del Caso):*<br>BC 477922 |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Eric A. Grover, KELLER GROVER LLP, 1965 Market St., 3rd Flr., San Francisco, CA 94103 (415)543-1305

| DATE: <br>*(Fecha)* JAN 27 2012 | Clerk, by<br>*(Secretario)* Shaunya Wesley | , Deputy<br>*(Adjunto)* |
|---|---|---|

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served

1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*
3. ☒ on behalf of *(specify):* H. Hon Worldwide, Inc

   under: ☒ CCP 416.10 (corporation)          ☐ CCP 416.60 (minor)
   ☐ CCP 416.20 (defunct corporation)          ☐ CCP 416.70 (conservatee)
   ☐ CCP 416.40 (association or partnership)   ☐ CCP 416.90 (authorized person)

   ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

Page 1 of 1

| | |
|---|---|
| Form Adopted for Mandatory Use<br>Judicial Council of California<br>SUM-100 [Rev. July 1, 2009] | **SUMMONS** | Code of Civil Procedure §§ 412.20, 465<br>www.courtinfo.ca.gov |

Exhibit A  Page 5

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|
| Eric A. Grover (SBN 136080)<br>KELLER GROVER LLP<br>1965 Market Street, 3rd Floor<br>San Francisco, CA 94103<br>TELEPHONE NO.: (415)543-1305   FAX NO.: (415)543-7861 | CONFORMED COPY<br>ORIGINAL FILED<br>SUPERIOR COURT OF CALIFORNIA<br>COUNTY OF LOS ANGELES<br><br>JAN 27 2012<br><br>John A. Clarke, Executive Officer/Clerk<br>BY_____, Deputy<br>Shaunya Wesley |

ATTORNEY FOR *(Name)*:

SUPERIOR COURT OF CALIFORNIA, COUNTY OF  Los Angeles
STREET ADDRESS:
MAILING ADDRESS: 111 North Hill Street, Room 109
CITY AND ZIP CODE: Los Angeles, CA 90012
BRANCH NAME: Central District

CASE NAME:
Young v. Hilton Worldwide, Inc., et al.

| CIVIL CASE COVER SHEET | Complex Case Designation | CASE NUMBER: |
|---|---|---|
| [✓] Unlimited  [ ] Limited<br>(Amount         (Amount<br>demanded       demanded is<br>exceeds $25,000)  $25,000 or less) | [ ] Counter  [ ] Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | BC 477922 |
| | | JUDGE:       DEPT: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check one box below for the case type that best describes this case:

| Auto Tort | Contract | Provisionally Complex Civil Litigation<br>(Cal. Rules of Court, rules 3.400–3.403) |
|---|---|---|
| [ ] Auto (22)<br>[ ] Uninsured motorist (46) | [ ] Breach of contract/warranty (06)<br>[ ] Rule 3.740 collections (09) | [ ] Antitrust/Trade regulation (03)<br>[ ] Construction defect (10) |
| Other PI/PD/WD (Personal Injury/Property<br>Damage/Wrongful Death) Tort | [ ] Other collections (09)<br>[ ] Insurance coverage (18) | [ ] Mass tort (40)<br>[ ] Securities litigation (28) |
| [ ] Asbestos (04)<br>[ ] Product liability (24)<br>[ ] Medical malpractice (45)<br>[ ] Other PI/PD/WD (23) | [ ] Other contract (37)<br>Real Property<br>[ ] Eminent domain/Inverse<br>condemnation (14) | [ ] Environmental/Toxic tort (30)<br>[ ] Insurance coverage claims arising from the<br>above listed provisionally complex case<br>types (41) |
| Non-PI/PD/WD (Other) Tort<br>[✗] Business tort/unfair business practice (07)<br>[ ] Civil rights (08)<br>[ ] Defamation (13)<br>[ ] Fraud (16)<br>[ ] Intellectual property (19)<br>[ ] Professional negligence (25)<br>[ ] Other non-PI/PD/WD tort (35) | [ ] Wrongful eviction (33)<br>[ ] Other real property (26)<br>Unlawful Detainer<br>[ ] Commercial (31)<br>[ ] Residential (32)<br>[ ] Drugs (38)<br>Judicial Review<br>[ ] Asset forfeiture (05)<br>[ ] Petition re: arbitration award (11) | Enforcement of Judgment<br>[ ] Enforcement of judgment (20)<br>Miscellaneous Civil Complaint<br>[ ] RICO (27)<br>[ ] Other complaint *(not specified above)* (42)<br>Miscellaneous Civil Petition<br>[ ] Partnership and corporate governance (21) |
| Employment<br>[ ] Wrongful termination (36)<br>[ ] Other employment (15) | [ ] Writ of mandate (02)<br>[ ] Other judicial review (39) | [ ] Other petition *(not specified above)* (43) |

2. This case [✓] is  [ ] is not  complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties       d. [ ] Large number of witnesses
   b. [✗] Extensive motion practice raising difficult or novel   e. [ ] Coordination with related actions pending in one or more courts
       issues that will be time-consuming to resolve                 in other counties, states, or countries, or in a federal court
   c. [ ] Substantial amount of documentary evidence          f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply)*: a. [✗] monetary  b. [✗] nonmonetary; declaratory or injunctive relief  c. [ ] punitive
4. Number of causes of action *(specify)*:  Two
5. This case [✓] is  [ ] is not  a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: January 4, 2012

Eric A. Grover
*(TYPE OR PRINT NAME)*                                    *(SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)*

BY FAX

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>CM-010 [Rev. July 1, 2007] | CIVIL CASE COVER SHEET | Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;<br>Cal. Standards of Judicial Administration, std. 3.10<br>www.courtinfo.ca.gov |

| SHORT TITLE: Young vs. Hilton Worldwide, Inc., et al. | CASE NUMBER |
|---|---|

## CIVIL CASE COVER SHEET ADDENDUM AND
## STATEMENT OF LOCATION
## (CERTIFICATE OF GROUNDS FOR ASSIGNMENT TO COURTHOUSE LOCATION)

| This form is required pursuant to Local Rule 2.0 in all new civil case filings in the Los Angeles Superior Court. |
|---|

**Item I.** Check the types of hearing and fill in the estimated length of hearing expected for this case:

JURY TRIAL? ☐ YES   CLASS ACTION? ☑ YES   LIMITED CASE? ☐ YES   TIME ESTIMATED FOR TRIAL   5 ☐ HOURS/ ☒ DAYS

**Item II.** Indicate the correct district and courthouse location (4 steps – if you checked "Limited Case", skip to Item III, Pg. 4):

**Step 1:** After first completing the Civil Case Cover Sheet form, find the main Civil Case Cover Sheet heading for your case in the left margin below, and, to the right in Column A, the Civil Case Cover Sheet case type you selected.

**Step 2:** Check **one** Superior Court type of action in Column **B** below which best describes the nature of this case.

**Step 3:** In Column **C**, circle the reason for the court location choice that applies to the type of action you have checked. For any exception to the court location, see Local Rule 2.0.

| Applicable Reasons for Choosing Courthouse Location (see Column C below) |
|---|

1. Class actions must be filed in the Stanley Mosk Courthouse, central district.
2. May be filed in central (other county, or no bodily injury/property damage).
3. Location where cause of action arose.
4. Location where bodily injury, death or damage occurred.
5. Location where performance required or defendant resides.
6. Location of property or permanently garaged vehicle.
7. Location where petitioner resides.
8. Location wherein defendant/respondent functions wholly.
9. Location where one or more of the parties reside.
10. Location of Labor Commissioner Office

**BY FAX**

**Step 4:** Fill in the information requested on page 4 in Item III; complete Item IV. Sign the declaration.

| A Civil Case Cover Sheet Category No. | B Type of Action (Check only one) | C Applicable Reasons - See Step 3 Above |
|---|---|---|
| **Auto Tort** Auto (22) | ☐ A7100  Motor Vehicle - Personal Injury/Property Damage/Wrongful Death | 1., 2., 4. |
| Uninsured Motorist (46) | ☐ A7110  Personal Injury/Property Damage/Wrongful Death – Uninsured Motorist | 1., 2., 4. |
| **Other Personal Injury/Property Damage/Wrongful Death Tort** Asbestos (04) | ☐ A6070  Asbestos Property Damage | 2. |
| | ☐ A7221  Asbestos - Personal Injury/Wrongful Death | 2. |
| Product Liability (24) | ☐ A7260  Product Liability (not asbestos or toxic/environmental) | 1., 2., 3., 4., 8. |
| Medical Malpractice (45) | ☐ A7210  Medical Malpractice - Physicians & Surgeons | 1., 4. |
| | ☐ A7240  Other Professional Health Care Malpractice | 1., 4. |
| Other Personal Injury Property Damage Wrongful Death (23) | ☐ A7250  Premises Liability (e.g., slip and fall) | 1., 4. |
| | ☐ A7230  Intentional Bodily Injury/Property Damage/Wrongful Death (e.g., assault, vandalism, etc.) | 1., 4. |
| | ☐ A7270  Intentional Infliction of Emotional Distress | 1., 3. |
| | ☐ A7220  Other Personal Injury/Property Damage/Wrongful Death | 1., 4. |

**CIVIL CASE COVER SHEET ADDENDUM**
**AND STATEMENT OF LOCATION**

Exhibit A  Page 7

| SHORT TITLE: Young vs. Hilton Worldwide, Inc., et al. | CASE NUMBER |
|---|---|

| | A Civil Case Cover Sheet Category No. | B Type of Action (Check only one) | C Applicable Reasons See Step 3 Above |
|---|---|---|---|
| **Non-Personal Injury/ Property Damage/ Wrongful Death Tort** | Business Tort (07) | ☒ A6029  Other Commercial/Business Tort (not fraud/breach of contract) | 1., 3. |
| | Civil Rights (08) | ☐ A6005  Civil Rights/Discrimination | 1., 2., 3. |
| | Defamation (13) | ☐ A6010  Defamation (slander/libel) | 1., 2., 3. |
| | Fraud (16) | ☐ A6013  Fraud (no contract) | 1., 2., 3. |
| | Professional Negligence (25) | ☐ A6017  Legal Malpractice | 1., 2., 3. |
| | | ☐ A6050  Other Professional Malpractice (not medical or legal) | 1., 2., 3. |
| | Other (35) | ☐ A6025  Other Non-Personal Injury/Property Damage tort | 2., 3. |
| **Employment** | Wrongful Termination (36) | ☐ A6037  Wrongful Termination | 1., 2., 3. |
| | Other Employment (15) | ☐ A6024  Other Employment Complaint Case | 1., 2., 3. |
| | | ☐ A6109  Labor Commissioner Appeals | 10. |
| **Contract** | Breach of Contract/ Warranty (06) (not insurance) | ☐ A6004  Breach of Rental/Lease Contract (not unlawful detainer or wrongful eviction) | 2., 5. |
| | | ☐ A6008  Contract/Warranty Breach -Seller Plaintiff (no fraud/negligence) | 2., 5. |
| | | ☐ A6019  Negligent Breach of Contract/Warranty (no fraud) | 1., 2., 5. |
| | | ☐ A6028  Other Breach of Contract/Warranty (not fraud or negligence) | 1., 2., 5. |
| | Collections (09) | ☐ A6002  Collections Case-Seller Plaintiff | 2., 5., 6. |
| | | ☐ A6012  Other Promissory Note/Collections Case | 2., 5. |
| | Insurance Coverage (18) | ☐ A6015  Insurance Coverage (not complex) | 1., 2., 5., 8. |
| | Other Contract (37) | ☐ A6009  Contractual Fraud | 1., 2., 3., 5. |
| | | ☐ A6031  Tortious Interference | 1., 2., 3., 5. |
| | | ☐ A6027  Other Contract Dispute(not breach/insurance/fraud/negligence) | 1., 2., 3., 8. |
| **Real Property** | Eminent Domain/Inverse Condemnation (14) | ☐ A7300  Eminent Domain/Condemnation          Number of parcels_____ | 2. |
| | Wrongful Eviction (33) | ☐ A6023  Wrongful Eviction Case | 2., 6. |
| | Other Real Property (26) | ☐ A6018  Mortgage Foreclosure | 2., 6. |
| | | ☐ A6032  Quiet Title | 2., 6. |
| | | ☐ A6060  Other Real Property (not eminent domain, landlord/tenant, foreclosure) | 2., 6. |
| **Unlawful Detainer** | Unlawful Detainer-Commercial (31) | ☐ A6021  Unlawful Detainer-Commercial (not drugs or wrongful eviction) | 2., 6. |
| | Unlawful Detainer-Residential (32) | ☐ A6020  Unlawful Detainer-Residential (not drugs or wrongful eviction) | 2., 6. |
| | Unlawful Detainer-Post-Foreclosure (34) | ☐ A6020F Unlawful Detainer-Post-Foreclosure | 2., 6. |
| | Unlawful Detainer-Drugs (38) | ☐ A6022  Unlawful Detainer-Drugs | 2., 6. |

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**

Local Rule 2.0

Page 2 of 4

Exhibit A  Page 8

| SHORT TITLE: Young vs. Hilton Worldwide, Inc., et al. | CASE NUMBER | |
|---|---|---|

| | A Civil Case Cover Sheet Category No. | B Type of Action (Check only one) | C Applicable Reasons See Step 3 Above |
|---|---|---|---|
| **Judicial Review** | Asset Forfeiture (05) | ☐ A6108  Asset Forfeiture Case | 2., 6. |
| | Petition re Arbitration (11) | ☐ A6115  Petition to Compel/Confirm/Vacate Arbitration | 2., 5. |
| | Writ of Mandate (02) | ☐ A6151  Writ - Administrative Mandamus | 2., 8. |
| | | ☐ A6152  Writ - Mandamus on Limited Court Case Matter | 2. |
| | | ☐ A6153  Writ - Other Limited Court Case Review | 2. |
| | Other Judicial Review (39) | ☐ A6150  Other Writ /Judicial Review | 2., 8. |
| **Provisionally Complex Litigation** | Antitrust/Trade Regulation (03) | ☐ A6003  Antitrust/Trade Regulation | 1., 2., 8. |
| | Construction Defect (10) | ☐ A6007  Construction Defect | 1., 2., 3. |
| | Claims Involving Mass Tort (40) | ☐ A6006  Claims Involving Mass Tort | 1., 2., 8. |
| | Securities Litigation (28) | ☐ A6035  Securities Litigation Case | 1., 2., 8. |
| | Toxic Tort Environmental (30) | ☐ A6036  Toxic Tort/Environmental | 1., 2., 3., 8. |
| | Insurance Coverage Claims from Complex Case (41) | ☐ A6014  Insurance Coverage/Subrogation (complex case only) | 1., 2., 5., 8. |
| **Enforcement of Judgment** | Enforcement of Judgment (20) | ☐ A6141  Sister State Judgment | 2., 9. |
| | | ☐ A6160  Abstract of Judgment | 2., 6. |
| | | ☐ A6107  Confession of Judgment (non-domestic relations) | 2., 9. |
| | | ☐ A6140  Administrative Agency Award (not unpaid taxes) | 2., 8. |
| | | ☐ A6114  Petition/Certificate for Entry of Judgment on Unpaid Tax | 2., 8. |
| | | ☐ A6112  Other Enforcement of Judgment Case | 2., 8., 9. |
| **Miscellaneous Civil Complaints** | RICO (27) | ☐ A6033  Racketeering (RICO) Case | 1., 2., 8. |
| | Other Complaints (Not Specified Above) (42) | ☐ A6030  Declaratory Relief Only | 1., 2., 8. |
| | | ☐ A6040  Injunctive Relief Only (not domestic/harassment) | 2., 8. |
| | | ☐ A6011  Other Commercial Complaint Case (non-tort/non-complex) | 1., 2., 8. |
| | | ☐ A6000  Other Civil Complaint (non-tort/non-complex) | 1., 2., 8. |
| | Partnership Corporation Governance (21) | ☐ A6113  Partnership and Corporate Governance Case | 2., 8. |
| **Miscellaneous Civil Petitions** | Other Petitions (Not Specified Above) (43) | ☐ A6121  Civil Harassment | 2., 3., 9. |
| | | ☐ A6123  Workplace Harassment | 2., 3., 9. |
| | | ☐ A6124  Elder/Dependent Adult Abuse Case | 2., 3., 9. |
| | | ☐ A6190  Election Contest | 2. |
| | | ☐ A6110  Petition for Change of Name | 2., 7. |
| | | ☐ A6170  Petition for Relief from Late Claim Law | 2., 3., 4., 8. |
| | | ☐ A6100  Other Civil Petition | 2., 9. |

LACIV 109 (Rev. 03/11)
LASC Approved 03-04

CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION

Local Rule 2.0
Page 3 of 4

Exhibit A  Page 9

| SHORT TITLE: Young vs. Hilton Worldwide, Inc., et al. | CASE NUMBER |
|---|---|

Item III. Statement of Location: Enter the address of the accident, party's residence or place of business, performance, or other circumstance indicated in Item II., Step 3 on Page 1, as the proper reason for filing in the court location you selected.

| REASON: Check the appropriate boxes for the numbers shown under Column C for the type of action that you have selected for this case.<br><br>☑1. ☐2. ☐3. ☐4. ☐5. ☐6. ☐7. ☐8. ☐9. ☐10. | ADDRESS:<br>9336 Civic Center Drive |
|---|---|
| CITY:<br>Beverly Hills | STATE:<br>CA | ZIP CODE:<br>90210 | |

Item IV. Declaration of Assignment: I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct and that the above-entitled matter is properly filed for assignment to the ___Stanley Mosk___ courthouse in the ___Central___ District of the Superior Court of California, County of Los Angeles [Code Civ. Proc., § 392 et seq., and Local Rule 2.0, subds. (b), (c) and (d)].

Dated: __1/26/12__

_(signature)_

(SIGNATURE OF ATTORNEY/FILING PARTY)

**PLEASE HAVE THE FOLLOWING ITEMS COMPLETED AND READY TO BE FILED IN ORDER TO PROPERLY COMMENCE YOUR NEW COURT CASE:**

1. Original Complaint or Petition.

2. If filing a Complaint, a completed Summons form for issuance by the Clerk.

3. Civil Case Cover Sheet, Judicial Council form CM-010.

4. Civil Case Cover Sheet Addendum and Statement of Location form, LACIV 109, LASC Approved 03-04 (Rev. 03/11).

5. Payment in full of the filing fee, unless fees have been waived.

6. A signed order appointing the Guardian ad Litem, Judicial Council form CIV-010, if the plaintiff or petitioner is a minor under 18 years of age will be required by Court in order to issue a summons.

7. Additional copies of documents to be conformed by the Clerk. Copies of the cover sheet and this addendum must be served along with the summons and complaint, or other initiating pleading in the case.

LACIV 109 (Rev. 03/11)
LASC Approved 03-04

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**

Local Rule 2.0
Page 4 of 4

Exhibit A  Page 10

SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
NOTICE OF CASE ASSIGNMENT - UNLIMITED CIVIL CASE

Case Number _____

BC 477922

**THIS FORM IS TO BE SERVED WITH THE SUMMONS AND COMPLAINT**
Your case is assigned for all purposes to the judicial officer indicated below (Local Rule 7.3(e)). There is additional information on the reverse side of this form.

| ASSIGNED JUDGE | DEPT | ROOM | ASSIGNED JUDGE | DEPT | ROOM |
|---|---|---|---|---|---|
| Hon. Carolyn B. Kuhl | 1 | 534 | Hon. Holly E. Kendig | 42 | 416 | |
| Hon. J. Stephen Czuleger | 3 | 224 | Hon. Mel Red Recana | 45 | 529 | |
| Hon. Luis A. Lavin | 13 | 630 | Hon. Debre Katz Weintraub | 47 | 507 | |
| Hon. Terry A. Green | 14 | 300 | Hon. Elizabeth Allen White | 48 | 506 | |
| Hon. Richard Fruin | 15 | 307 | Hon. Deirde Hill | 49 | 509 | |
| Hon. Rita Miller | 16 | 306 | Hon. John L. Segal | 50 | 508 | |
| Hon. Richard E. Rico | 17 | 309 | Hon. Abraham Khan | 51 | 511 | |
| Hon. Rex Heeseman | 19 | 311 | Hon. Susan Bryant-Deason | 52 | 510 | |
| Hon. Kevin C. Brazile | 20 | 310 | Hon. Steven J. Kleifield | 53 | 513 | |
| Hon Michael P. Linfield | 10 | 315 | Hon. Ernest M. Hiroshige | 54 | 512 | |
| Hon. Robert L. Hess | 24 | 314 | Hon. Malcolm H. Mackey | 55 | 515 | |
| Hon. Mary Ann Murphy | 25 | 317 | Hon. Michael Johnson | 56 | 514 | |
| Hon. James R. Dunn | 26 | 316 | Hon. Ralph W. Dau | 57 | 517 | |
| Hon. Yvette M. Palazuelos | 28 | 318 | Hon. Rolf M. Treu | 58 | 516 | |
| Hon. Barbara Scheper | 30 | 400 | Hon. David L. Minning | 61 | 632 | |
| Hon. Alan S. Rosenfield | 31 | 407 | Hon. Michael L. Stern | 62 | 600 | |
| Hon. Mary H. Strobel | 32 | 406 | Hon. Kenneth R. Freeman | 64 | 601 | |
| Hon. Charles F. Palmer | 33 | 409 | Hon. Mark Mooney | 68 | 617 | |
| Hon. Amy D. Hogue | 34 | 408 | Hon. Ramona See | 69 | 621 | |
| Hon. Daniel Buckley | 35 | 411 | Hon. Soussan G. Bruguera | 71 | 729 | |
| Hon. Gregory Alarcon | 36 | 410 | Hon. Ruth Ann Kwan | 72 | 731 | |
| Hon. Joanne O'Donnell | 37 | 413 | Hon. Teresa Sanchez-Gordon | 74 | 735 | |
| Hon. Maureen Duffy-Lewis | 38 | 412 | Hon. William F. Fahey | 78 | 730 | |
| Hon. Michael C. Solner | 39 | 415 | **Hon. Emilie H. Elias** | **324** | **CCW** | |
| Hon. Michelle R. Rosenblatt | 40 | 414 | **Hon. Elihu M. Berle\*** | **323** | **CCW** | X |
| Hon. Ronald M. Sohigian | 41 | 417 | other | | | |

**\*Class Actions**
All class actions are initially assigned to Judge Elihu M. Berle in Department 323 of the Central Civil West Courthouse (600 S. Commonwealth Ave., Los Angeles 90005).
This assignment is for the purpose of assessing whether or not the case is complex within the meaning of California Rules of Court, rule 3.400. Depending on the outcome of that assessment, the class action case may be reassigned to one of the judges of the Complex Litigation Program or reassigned randomly to a court in the Central District.

Given to the Plaintiff/Cross-Complainant/Attorney of Record on _____     JOHN A. CLARKE, Executive Officer/Clerk

By _____, Deputy Clerk

LACIV CCH 190 (Rev. 04/10)
LASC Approved 05-06

**NOTICE OF CASE ASSIGNMENT –
UNLIMITED CIVIL CASE**

Page 1 of 2

Exhibit A  Page 11

1  ERIC A. GROVER (SBN 136080)
   eagrover@kellergrover.com
2  CAREY G. BEEN (SBN 240996)
   cbeen@kellergrover.com
3  **KELLER GROVER LLP**
   1965 Market Street
4  San Francisco, California 94103
   Telephone:    (415) 543-1305
5  Facsimile:    (415) 543-7861

6  KENNETH S. GAINES (SBN 049045)
   ken@gaineslawfirm.com
7  DANIEL F. GAINES (SBN 251488)
   daniel@gaineslawfirm.com
8  ALEX P. KATOFSKY (SBN 202754)
   alex@apkatlaw.com
9  **GAINES & GAINES, APLC**
   21550 Oxnard Street, Suite 980
10 Woodland Hills, California 91367
   Telephone:    (818) 703-8985
11 Facsimile:    (818) 703-8984

12 ATTORNEYS FOR PLAINTIFF
   RICK YOUNG
13

14          SUPERIOR COURT OF THE STATE OF CALIFORNIA

15             IN AND FOR THE COUNTY OF LOS ANGELES

16

17 RICK YOUNG, individually and on behalf of   ) Case No. BC 477923
   a class and subclass of similarly situated   )
18 individuals,                                  )
                                                 ) CLASS ACTION
19               Plaintiff,                       )
                                                 ) COMPLAINT FOR DAMAGES
20 v.                                            ) AND INJUNCTIVE RELIEF
                                                 )
21 HILTON WORLDWIDE, INC.; HILTON               ) DEMAND FOR JURY TRIAL
   RESERVATIONS WORLDWIDE, LLC; and             )
22 DOES 1 through 10, inclusive,                 )
                                                 )
23               Defendants.                      )
                                                 )
24

25

26

27

28

COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

CONFORMED COPY
ORIGINAL FILED
SUPERIOR COURT OF CALIFORNIA
COUNTY OF LOS ANGELES

JAN 27 2012

John A. Clarke, Executive Officer/Clerk
BY_____, Deputy
        Shaunya Wesley

BY FAX

## CLASS ACTION COMPLAINT

Plaintiff Rick Young ("Plaintiff" or "Young"), on behalf of himself and a Class and Subclass of similarly situated individuals, as defined herein, alleges on information and belief and the investigation of counsel as follows:

### INTRODUCTION

1.   This class action lawsuit arises out of Defendants' unlawful practice of recording calls made to the telephone number 1-800-HAMPTON (1-800-426-7866) without first obtaining customer consent. 1-800-HAMPTON connects consumers with central reservations for Hampton hotels, a hotel brand of Hilton Worldwide. Customers seeking to make or change reservations or seeking to comment on their stay at any of the approximately 1,700 Hampton hotels can do so by calling 1-800-HAMPTON. Defendants then intentionally and surreptitiously record all telephone calls made to 1-800-HAMPTON without ever giving notice or warning to consumers.

2.   Defendants' policy and practice of recording telephone conversations without caller consent violates California's Invasion of Privacy Act (Penal Code §§ 630, *et seq.*). Specifically, Defendants' practice violates Penal Code § 632, which prohibits the recording of confidential communications made by telephone without the consent of all parties to the communication, and Penal Code § 632.7, which similarly prohibits the recording of communications made from cellular or cordless telephones without the consent of all parties to the communication.

3.   As a result of Defendants' violations, all individuals that called 1-800-HAMPTON and were secretly and non-consensually recorded are entitled to an award of statutory damages and injunctive relief as set forth in Penal Code § 637.2.

### PARTIES

4.   Plaintiff Rick Young is an individual and a resident of Calabasas, California, a city within the County of Los Angeles.

5.   Hilton Worldwide, Inc. ("Hilton") is a Delaware corporation headquartered in McClean, Virginia. Hilton regularly does business throughout the United States, including business in California and in the County of Los Angeles.

---

COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

1        6.    Hilton Reservations Worldwide, LLC (d/b/a Hilton Reservations & Customer Care)

2    ("Hilton Reservations") is a wholly owned subsidiary of Hilton Worldwide, Inc. and a Limited

3    Liability Company organized under the laws of the State of Delaware with a principal place of

4    business in Carrolton, Texas.  Hilton Reservations' principal place of business in California is

5    Beverly Hills.

6        7.    Plaintiff is ignorant of the true names and capacities of defendants sued herein as

7    DOES 1 through 10, inclusive, and therefore sue those defendants by those fictitious names.

8    Plaintiff will amend this Complaint to allege their true names and capacities when ascertained.

9    Plaintiff is informed and believes and on that ground alleges that each of the fictitiously named

10   defendants is responsible in some manner for the occurrences alleged and that Plaintiff's injuries

11   and damages, as alleged, are proximately caused by those occurrences.

12       8.    "Defendants" means and refers to defendant Hilton, defendant Hilton Reservations,

13   and the fictitiously named Defendants, each and all of them.

14       9.    Plaintiff is informed and believes and thereon alleges that, at all relevant times, each

15   Defendant was the principal, agent, partner, joint venturer, officer, director, controlling

16   shareholder, subsidiary, affiliate, parent corporation, successor in interest and/or predecessor in

17   interest of some or all of the other Defendants, and was engaged with some or all of the other

18   Defendants in a joint enterprise for profit, and bore such other relationships to some or all of the

19   other Defendants so as to be liable for their conduct with respect to the matters alleged below.

20   Plaintiff is informed and believes and thereon alleges that each Defendant acted pursuant to and

21   within the scope of the relationships alleged above, that each knew or should have known about,

22   and authorized, ratified, adopted, approved, controlled, aided and abetted the conduct of all

23   Defendants.

## JURISDICTION AND VENUE

24

25       10.    This Court has subject matter jurisdiction over this action pursuant to California

26   Penal Code §§ 632, 632.7 and 637.2.

27

28

1    11.    This Court has personal jurisdiction over the parties because defendant Hilton has

2  continually and systematically conducted business in, the State of California.  Likewise, Plaintiff's

3  injuries occurred in the State of California and arose out of his contact with Hilton from California.

4    12.    Venue is proper in this Court because defendant Hilton Reservations resides and

5  has it principal place of business in California in this county.

6    ## FACTUAL ALLEGATIONS COMMON TO THE CLASS

7    13.    Plaintiff is informed and believes, and based thereon alleges, that Hampton hotels is

8  a hotel brand owned by defendant Hilton.

9    14.    Plaintiff is informed and believes, and based thereon alleges, that the telephone

10  number 1-800-HAMPTON connects callers to central reservations for Hampton hotels.  The

11  central reservations system is owned and operated by Hilton through its subsidiary Hilton

12  Reservations.  All Hampton hotels, including Hampton franchises, are required to participate in the

13  central reservations system.

14    15.    Plaintiff is informed and believes, and based thereon alleges, Defendants'

15  employees and agents at the central reservations call center receive incoming calls from

16  consumers, including California consumers, who want to make reservations at a Hampton hotel or

17  have questions, comments, and/or feedback about Hampton hotels.

18    16.    Plaintiff is informed and believes, and based thereon alleges, that Defendants have

19  intentionally utilized technology comprised of hardware and/or software to carry out a practice and

20  policy of recording these calls made to and from the central reservations call center.

21    17.    Plaintiff is informed and believes, and based thereon alleges, that Defendants'

22  employees and agents at the central reservations call center were directed, trained, and instructed

23  to, and did, record telephone calls between the central reservations call center and consumers.

24    18.    Plaintiff is informed and believes, and based thereon alleges, that consumers who

25  called 1-800-HAMPTON were never informed by Defendants or anyone else that their calls were

26  being recorded.  Such recording therefore necessarily occurred without consumer knowledge or

27

28

COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

- 3 -

Exhibit A  Page 15

consent.

19.   On November 11, 2011, Plaintiff called 1-800-HAMPTON from his home in Calabasas, California using his cell phone.  Plaintiff called 1-800-HAMPTON to update his credit card information that was on file with Defendants.  Accordingly, during his phone call with Defendants, Plaintiff shared sensitive personal information with Defendants, including his name and credit card information.

20.   At no time during his telephone call to 1-800-HAMPTON was Plaintiff informed by Defendants that his telephone conversation with Defendants was being recorded.  Plaintiff did not give, and could not have given consent for the telephone call to be recorded because he was entirely unaware that Defendants were utilizing such practice during the telephone call.

21.   Plaintiff had a reasonable expectation that his telephone conversation with Defendants' employees and agents was, and would remain, private and confined to the parties on the telephone. He did not expect that his telephone communications with Defendants were being recorded.  Such recording without his consent is highly offensive to Plaintiff and would be highly offensive to a reasonable person, including members of the Plaintiff Class proposed herein.

### CLASS ACTION ALLEGATIONS

22.   Plaintiff brings this action pursuant to California Code of Civil Procedure § 382 on behalf of himself and the following class (the "Class"):

> All persons located in California who, at any time during the applicable limitations period preceding the filing of this complaint through the date of resolution, participated in one or more telephone conversations with the Hampton central reservations call center and whose calls with the Hampton central reservations call center were recorded by Defendants without notice.

23.   Plaintiff also brings this action on behalf of himself and the following subclass (the "Subclass"):

> All persons located in California who, at any time during the applicable

---

COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

- 4 -

Exhibit A  Page 16

1  limitations period preceding the filing of this complaint through the date of
2  resolution, participated in one or more telephone conversations with the
3  Hampton central reservations call center from a cellular or cordless telephone
4  and whose calls with the Hampton central reservations call center were
5  recorded by Defendants without notice.

6      24.    The Class and Subclass Plaintiff seeks to represent contain numerous members and
7  are clearly ascertainable. Plaintiffs reserve the right under Rule 3.765 of the California Rules of
8  Court to amend or modify the Class and Subclass definitions or to add additional subclasses or
9  limitations to particular issues.

10      25.    By their unlawful actions, Defendants have violated Plaintiff's and the Class's and
11  Subclass's privacy rights under California's Invasion of Privacy Act. The questions raised are,
12  therefore, of common or general interest to the Class and Subclass members, who have a well-
13  defined community of interest in the questions of law and fact raised in this action.

14      26.    Plaintiff's claims are typical of those of the Class and Subclass, as Plaintiff now
15  suffers from the same violations of the law as other putative Class and Subclass members.
16  Plaintiff has retained competent counsel to represent him and the Class and Subclass and Plaintiff
17  will fairly and adequately represent the interests of the class.

18      27.    This action may properly be maintained as a class action under Code of Civil
19  Procedure § 382 because there is a well-defined community of interest in the litigation and the
20  proposed Class and Subclass are ascertainable.

21  **Numerosity**

22      28.    Based on information and belief, the Class and Subclass consist of at least
23  seventy-five individuals, making joinder of individual cases impracticable. The exact size of
24  the Class and Subclass and the identities of the individual members thereof can be
25  ascertained through Defendants' records.

26
27
28

COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF      - 5 -

Typicality

29.     Plaintiff's claims are typical of the claims of all of the other members of the Class and Subclass.  Plaintiff's claims and members of the Class and Subclass are based on the same legal theories and arise from the same unlawful conduct, resulting in the same injury to Plaintiff and to all of the other Class and Subclass members.

Common Questions of Law and Fact

30.     There are questions of law and fact common to the Class and Subclass that predominate over any questions affecting only individual Class and Subclass members.  Those common questions of law and fact include, without limitation, the following:

a.     Whether Defendants have a policy or practice of recording telephone calls made to and from the Hampton central reservations call center;

b.     Whether Defendants have a policy or practice of not obtaining consumer consent to record telephone calls made to and from the Hampton central reservations call center;

c.     Whether Defendants violated California Penal Code §§ 632 and 632.7 by non-consensually recording telephone conversations between consumers and the Hampton central reservations call center;

d.     Whether Class members are entitled to statutory damages of $5000 under Penal Code § 637.2 for every violation of Penal Code §§ 632 and/or 632.7.

Adequacy

31.     Plaintiff will fairly and adequately represent and protect the interests of the other members of the Class and Subclass.  Plaintiff has retained counsel with substantial experience in prosecuting complex litigation and class actions.  Plaintiff and his counsel are committed to vigorously prosecuting this action on behalf of the other Class and Subclass members, and have

1  the financial resources to do so.  Neither Plaintiff, nor his counsel, has any interests adverse to

2  those of the other Class or Subclass members.

3  **Superiority**

4      32.  A class action is superior to other available methods for the fair and efficient

5  adjudication of this controversy, since individual litigation of the claims of each Class and/or

6  Subclass member is impracticable.  Even if every individual Class and/or Subclass member could

7  afford individual litigation, the court system could not.  It would be unduly burdensome to the

8  Court in which the individual litigation of the numerous cases would proceed.  Individualized

9  litigation would also present the potential for varying, inconsistent, or contradictory judgments and

10  would magnify the delay and expense to all parties and to the court system resulting from multiple

11  trials of the same factual issues.  By contrast, the conduct of this action as a class action presents

12  few management difficulties, conserves the resources of the parties and of the court system, and

13  protects the rights of each Class and Subclass member.  Plaintiff anticipates no difficulty in the

14  management of this case as a class action.

15      33.  The prosecution of separate actions by individual Class and Subclass members may

16  create a risk of adjudications with respect to them that would, as a practical matter, be dispositive

17  of the interests of the other Class and Subclass members not parties to such adjudications or that

18  would substantially impair or impede the ability of such non-party Class or Subclass members to

19  protect their interests.

20      34.  The prosecution of individual actions by Class and Subclass members would

21  establish inconsistent standards of conduct for Defendants.

22      35.  Defendants have acted or refused to act in respects generally applicable to the Class

23  and Subclass, thereby making appropriate final and injunctive relieve or corresponding declaratory

24  relief with regard to members of the Class as a while as requested herein.  Likewise, Defendants'

25  conduct as described above is unlawful, capable of repetition, and will continue unless restrained

26  and enjoined by the Court.

27

28

COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF      - 7 -

## FIRST CAUSE OF ACTION

**Unlawful Recording of Confidential Communications against All Defendants**

**(Violation of California Penal Code § 632)**

36.  Plaintiff incorporates each allegation set forth above as if fully set forth herein and further alleges as follows.

37.  Plaintiff participated in at least one telephone call with agents at the Hampton central reservations call center, initiated through Plaintiff's call to the telephone number 1-800-HAMPTON.

38.  Plaintiff is informed and believes, and based thereon alleges, that at all times relevant herein, Defendants intentionally made use of a telephonic system that enabled them to secretly record telephone conversations between Plaintiff and Class members and the Hampton central reservations call center.

39.  Plaintiff is informed and believes, and based thereon alleges, Plaintiff's and Class members' telephone conversations with the Hampton central reservations call center were secretly recorded by Defendants.

40.  Plaintiff is informed and believes, and based thereon alleges, Defendants did not advise or inform Plaintiff or Class members that their telephonic communications with the Hampton central reservations call center would be recorded.  Defendants did not obtain, and could not have obtained, Plaintiff or Class members' express or implied advance consent to record such conversations without ever informing them that their calls were being recorded.

41.  Plaintiff is informed and believes, and based thereon alleges, that all calls to and from the Hampton central reservations call center that have been surreptitiously recorded by Defendants were "confidential communications" within the meaning of California Penal Code §632(c) in that Plaintiff desired and expected the telephone communications to be confined to the parties thereto and not recorded and/or further disseminated.  Plaintiff and Class members had an objectively reasonable expectation that their calls were not being recorded.  Plaintiff's and Class

1   members' expectation of privacy was objectively reasonable because they were never informed

2   that their calls were being monitored and/or recorded and their consent for monitoring or recording

3   was never sought.

4       42.   Without advising Plaintiff and Class members that their telephonic communications

5   were being recorded, Defendants intentionally recorded their telephone calls with Plaintiff and

6   Class members in violation of California Penal Code § 632(a).

7       43.   Without obtaining express or implied advance consent to record such conversations,

8   Defendants intentionally recorded their telephone conversations with Plaintiff and Class members

9   in violation of California Penal Code § 632(a).

10       44.   Under Penal Code § 637.2, Plaintiff and Class members are therefore entitled to

11   $5,000 in statutory damages per violation, even in the absence of proof of actual damages, an

12   amount deemed proper by the California Legislature.  Plaintiff and Class members are also entitled

13   to injunctive relief to enjoin further violations.

14

15                        **SECOND CAUSE OF ACTION**

16      **Unlawful Recording of Confidential Communications against All Defendants**

17             **(Violation of California Penal Code § 632.7)**

18       45.   Plaintiff incorporates each allegation set forth above as if fully set forth herein and

19   further alleges as follows.

20       46.   Plaintiff participated in at least one telephone call with agents at the Hampton

21   central reservations call center, initiated through Plaintiff's call to the telephone number 1-800-

22   HAMPTON.  Plaintiff used his cellular telephone to engage in the conversation.

23       47.   Plaintiff is informed and believes, and based thereon alleges, that at all times

24   relevant herein, Defendants intentionally made use of a telephonic system that enabled them to

25   secretly record conversations between Plaintiff and Subclass members using cellular or cordless

26   telephones and the Hampton central reservations call center.

27

28

COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF           - 9 -

48.     Plaintiff is informed and believes, and based thereon alleges, Plaintiff's and Subclass members' cellular or cordless telephone conversations with the Hampton central reservations call center were secretly recorded by Defendants.

49.     Plaintiff is informed and believes, and based thereon alleges, Defendants did not advise or inform Plaintiff or Subclass members that their cellular or cordless telephonic communications with the Hampton central reservations call center would be recorded. Defendants did not obtain, and could not have obtained, Plaintiff or Subclass members' express or implied advance consent to record such conversations without ever informing them that their calls were being recorded.

50.     Without advising Plaintiff and Subclass members that their cellular or cordless telephone communications with Defendants were being recorded, Defendants intentionally recorded cellular or cordless telephone calls in violation of California Penal Code § 632.7(a).

51.     Without obtaining express or implied advance consent to record such conversations, Defendants intentionally recorded Plaintiff's and Subclass members' cellular and/or wireless telephone conversations with them in violation of California Penal Code § 632.7(a).

52.     Under Penal Code § 637.2, Plaintiff and Subclass members are therefore entitled to $5,000 in statutory damages per violation, even in the absence of proof of actual damages, an amount deemed proper by the California Legislature. Plaintiff and Class members are also entitled to injunctive relief to enjoin further violations.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff, on behalf of himself and members of the Class and Subclass, prays for the following relief:

a.      An order certifying the Class and appointing Plaintiff Young representative of the Class, and appointing counsel for Plaintiff as lead counsel for the Class;

---

COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF                                    - 10 -

1      b.    An order certifying the Subclass and appointing Plaintiff Young as representative of

2             the Subclass, and appointing counsel for Plaintiff as lead counsel for the Subclass;

3      c.    An order declaring that the actions of Defendants, as set out above, are in violation

4             of California Penal Code § 632;

5      d.    An order declaring that the actions of Defendants, as set out above, are in violation

6             of California Penal Code § 632.7;

7      e.    A judgment for and award of statutory damages to Plaintiff Young and the members

8             of the Class and the Subclass pursuant to California Penal Code § 637.2;

9      f.    A permanent injunction pursuant to Penal Code § 637.2 enjoining Defendants from

10            engaging in further conduct in violation of California Penal Code § 630, *et seq.*;

11     g.    Payment of costs of the suit herein incurred;

12     h.    Payment of attorneys' fees pursuant to California Code of Civil Procedure § 1021.5;

13     i.    An award of pre- and post-judgment interest; and

14     j.    For such other or further relief as the Court may deem proper.

15                     Respectfully submitted,

16

17 Dated: January 26, 2012              **KELLER GROVER LLP**

18

19

20                        Eric A. Grover

21                        Attorneys for Plaintiff

22

23

24

25

26

27

28

COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF        - 11 -

1

## JURY DEMAND

2      Plaintiff requests a trial by jury of all claims that can be so tried.

3

4                                 Respectfully submitted,

5

6 Dated: January 2½, 2012              **KELLER GROVER LLP**

7

8

9                             Eric A. Grover
                             Attorneys for Plaintiff

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF          - 12 -

## VOLUNTARY EFFICIENT LITIGATION STIPULATIONS



**Superior Court of California
County of Los Angeles**



**Los Angeles County
Bar Association
Litigation Section**

**Los Angeles County
Bar Association Labor and
Employment Law Section**



**Consumer Attorneys
Association of Los Angeles**



**Southern California
Defense Counsel**



**Association of
Business Trial Lawyers**



**California Employment
Lawyers Association**

The Early Organizational Meeting Stipulation, Discovery Resolution Stipulation, and Motions in Limine Stipulation are voluntary stipulations entered into by the parties. The parties may enter into one, two, or all three of the stipulations; however, they may not alter the stipulations as written, because the Court wants to ensure uniformity of application. These stipulations are meant to encourage cooperation between the parties and to assist in resolving issues in a manner that promotes economic case resolution and judicial efficiency.

*The following organizations endorse the goal of promoting efficiency in litigation and ask that counsel consider using these stipulations as a voluntary way to promote communications and procedures among counsel and with the court to fairly resolve issues in their cases.*

◆**Los Angeles County Bar Association Litigation Section**◆

◆ **Los Angeles County Bar Association
Labor and Employment Law Section**◆

◆**Consumer Attorneys Association of Los Angeles**◆

◆**Southern California Defense Counsel**◆

◆**Association of Business Trial Lawyers**◆

◆**California Employment Lawyers Association**◆

Exhibit A  Page 25

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|
| TELEPHONE NO.:     FAX NO. (Optional): | | |
| E-MAIL ADDRESS (Optional): | | |
| ATTORNEY FOR (Name): | | |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES**

COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| **STIPULATION – EARLY ORGANIZATIONAL MEETING** | CASE NUMBER: |
|---|---|

**This stipulation is intended to encourage cooperation among the parties at an early stage in the litigation and to assist the parties in efficient case resolution.**

**The parties agree that:**

1. The parties commit to conduct an initial conference (in-person or via teleconference or via videoconference) within 15 days from the date this stipulation is signed, *to discuss and consider whether there can be agreement on the following:*

   a. Are motions to challenge the pleadings necessary? If the issue can be resolved by amendment as of right, or if the Court would allow leave to amend, could an amended complaint resolve most or all of the issues a demurrer might otherwise raise? If so, the parties agree to work through pleading issues so that a demurrer need only raise issues they cannot resolve. Is the issue that the defendant seeks to raise amenable to resolution on demurrer, or would some other type of motion be preferable? Could a voluntary targeted exchange of documents or information by any party cure an uncertainty in the pleadings?

   b. Initial mutual exchanges of documents at the "core" of the litigation. (For example, in an employment case, the employment records, personnel file and documents relating to the conduct in question could be considered "core." In a personal injury case, an incident or police report, medical records, and repair or maintenance records could be considered "core.");

   c. Exchange of names and contact information of witnesses;

   d. Any insurance agreement that may be available to satisfy part or all of a judgment, or to indemnify or reimburse for payments made to satisfy a judgment;

   e. Exchange of any other information that might be helpful to facilitate understanding, handling, or resolution of the case in a manner that preserves objections or privileges by agreement;

   f. Controlling issues of law that, if resolved early, will promote efficiency and economy in other phases of the case. Also, when and how such issues can be presented to the Court;

   g. Whether or when the case should be scheduled with a settlement officer, what discovery or court ruling on legal issues is reasonably required to make settlement discussions meaningful, and whether the parties wish to use a sitting judge or a private mediator or other options as

Exhibit A  Page 26

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| | |

discussed in the "Alternative Dispute Resolution (ADR) Information Package" served with the complaint;

h.  Computation of damages, including documents not privileged or protected from disclosure, on which such computation is based;

i.  Whether the case is suitable for the Expedited Jury Trial procedures (see information at *www.lasuperiorcourt.org* under "*Civil*" and then under "*General Information*").

2.  The time for a defending party to respond to a complaint or cross-complaint will be extended to _____ for the complaint, and _____ for the cross-complaint, which is comprised of the 30 days to respond under Government Code § 68616(b), and the 30 days permitted by Code of Civil Procedure section 1054(a), good cause having been found by the Civil Supervising Judge due to the case management benefits provided by this Stipulation.

3.  The parties will prepare a joint report titled "Joint Status Report Pursuant to Initial Conference and Early Organizational Meeting Stipulation, and if desired, a proposed order summarizing results of their meet and confer and advising the Court of any way it may assist the parties' efficient conduct or resolution of the case. The parties shall attach the Joint Status Report to the Case Management Conference statement, and file the documents when the CMC statement is due.

4.  References to "days" mean calendar days, unless otherwise noted. If the date for performing any act pursuant to this stipulation falls on a Saturday, Sunday or Court holiday, then the time for performing that act shall be extended to the next Court day

The following parties stipulate:

Date: _____

_____    >   _____
     (TYPE OR PRINT NAME)                (ATTORNEY FOR PLAINTIFF)

Date: _____

_____    >   _____
     (TYPE OR PRINT NAME)                (ATTORNEY FOR DEFENDANT)

Date: _____

_____    >   _____
     (TYPE OR PRINT NAME)                (ATTORNEY FOR DEFENDANT)

Date: _____

_____    >   _____
     (TYPE OR PRINT NAME)                (ATTORNEY FOR DEFENDANT)

Date: _____

_____    >   _____
     (TYPE OR PRINT NAME)                (ATTORNEY FOR _____ )

Date: _____

_____    >   _____
     (TYPE OR PRINT NAME)                (ATTORNEY FOR _____ )

Date: _____

_____    >   _____
     (TYPE OR PRINT NAME)                (ATTORNEY FOR _____ )

Exhibit A  Page 27

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|
| TELEPHONE NO.:                    FAX NO. (Optional): | | |
| E-MAIL ADDRESS (Optional): | | |
| ATTORNEY FOR (Name): | | |

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| STIPULATION – DISCOVERY RESOLUTION | CASE NUMBER: |
|---|---|

This stipulation is intended to provide a fast and informal resolution of discovery issues through limited paperwork and an informal conference with the Court to aid in the resolution of the issues.

The parties agree that:

1. Prior to the discovery cut-off in this action, no discovery motion shall be filed or heard unless the moving party first makes a written request for an Informal Discovery Conference pursuant to the terms of this stipulation.

2. At the Informal Discovery Conference the Court will consider the dispute presented by parties and determine whether it can be resolved informally. Nothing set forth herein will preclude a party from making a record at the conclusion of an Informal Discovery Conference, either orally or in writing.

3. Following a reasonable and good faith attempt at an informal resolution of each issue to be presented, a party may request an Informal Discovery Conference pursuant to the following procedures:

   a. The party requesting the Informal Discovery Conference will:

   i. File a Request for Informal Discovery Conference with the clerk's office on the approved form (copy attached) and deliver a courtesy, conformed copy to the assigned department;

   ii. Include a brief summary of the dispute and specify the relief requested; and

   iii. Serve the opposing party pursuant to any authorized or agreed method of service that ensures that the opposing party receives the Request for Informal Discovery Conference no later than the next court day following the filing.

   b. Any Answer to a Request for Informal Discovery Conference must:

   i. Also be filed on the approved form (copy attached);

   ii. Include a brief summary of why the requested relief should be denied;

**STIPULATION – DISCOVERY RESOLUTION**

Exhibit A  Page 28

| SHORT TITLE: | CASE NUMBER: |
|---|---|
|  |  |

    iii.   Be filed within two (2) court days of receipt of the Request; and

    iv.   Be served on the opposing party pursuant to any authorized or agreed upon method of service that ensures that the opposing party receives the Answer no later than the next court day following the filing.

  c.  No other pleadings, including but not limited to exhibits, declarations, or attachments, will be accepted.

  d.  If the Court has not granted or denied the Request for Informal Discovery Conference within ten (10) days following the filing of the Request, then it shall be deemed to have been denied. If the Court acts on the Request, the parties will be notified whether the Request for Informal Discovery Conference has been granted or denied and, if granted, the date and time of the Informal Discovery Conference, which must be within twenty (20) days of the filing of the Request for Informal Discovery Conference.

  e.  If the conference is not held within twenty (20) days of the filing of the Request for Informal Discovery Conference, unless extended by agreement of the parties and the Court, then the Request for the Informal Discovery Conference shall be deemed to have been denied at that time.

4.  If (a) the Court has denied a conference or (b) one of the time deadlines above has expired without the Court having acted or (c) the Informal Discovery Conference is concluded without resolving the dispute, then a party may file a discovery motion to address unresolved issues.

5.  The parties hereby further agree that the time for making a motion to compel or other discovery motion is tolled from the date of filing of the Request for Informal Discovery Conference until (a) the request is denied or deemed denied or (b) twenty (20) days after the filing of the Request for Informal Discovery Conference, whichever is earlier, unless extended by Order of the Court.

    It is the understanding and intent of the parties that this stipulation shall, for each discovery dispute to which it applies, constitute a writing memorializing a "specific later date to which the propounding [or demanding or requesting] party and the responding party have agreed in writing," within the meaning of Code Civil Procedure sections 2030.300(c), 2031.320(c), and 2033.290(c).

6.  Nothing herein will preclude any party from applying *ex parte* for appropriate relief, including an order shortening time for a motion to be heard concerning discovery.

7.  Any party may terminate this stipulation by giving twenty-one (21) days notice of intent to terminate the stipulation.

8.  References to "days" mean calendar days, unless otherwise noted. If the date for performing any act pursuant to this stipulation falls on a Saturday, Sunday or Court holiday, then the time for performing that act shall be extended to the next Court day.

**STIPULATION – DISCOVERY RESOLUTION**

Exhibit A  Page 29

| SHORT TITLE: | CASE NUMBER: |
|---|---|
|  |  |

**The following parties stipulate:**

Date:

_____
(TYPE OR PRINT NAME)

➤ _____
(ATTORNEY FOR PLAINTIFF)

Date:

_____
(TYPE OR PRINT NAME)

➤ _____
(ATTORNEY FOR DEFENDANT)

Date:

_____
(TYPE OR PRINT NAME)

➤ _____
(ATTORNEY FOR DEFENDANT)

Date:

_____
(TYPE OR PRINT NAME)

➤ _____
(ATTORNEY FOR DEFENDANT)

Date:

_____
(TYPE OR PRINT NAME)

➤ (ATTORNEY FOR_____)

Date:

_____
(TYPE OR PRINT NAME)

➤ (ATTORNEY FOR_____)

Date:

_____
(TYPE OR PRINT NAME)

➤ (ATTORNEY FOR_____)

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|
| TELEPHONE NO.:<br>E-MAIL ADDRESS (Optional):<br>ATTORNEY FOR (Name): | FAX NO. (Optional): | |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES**

COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| STIPULATION AND ORDER – MOTIONS IN LIMINE | CASE NUMBER: |
|---|---|

**This stipulation is intended to provide fast and informal resolution of evidentiary issues through diligent efforts to define and discuss such issues and limit paperwork.**

**The parties agree that:**

1. At least _____ days before the final status conference, each party will provide all other parties with a list containing a one paragraph explanation of each proposed motion in limine. Each one paragraph explanation must identify the substance of a single proposed motion in limine and the grounds for the proposed motion.

2. The parties thereafter will meet and confer, either in person or via teleconference or videoconference, concerning all proposed motions in limine. In that meet and confer, the parties will determine:

   a. Whether the parties can stipulate to any of the proposed motions. If the parties so stipulate, they may file a stipulation and proposed order with the Court.

   b. Whether any of the proposed motions can be briefed and submitted by means of a short joint statement of issues. For each motion which can be addressed by a short joint statement of issues, a short joint statement of issues must be filed with the Court 10 days prior to the final status conference. Each side's portion of the short joint statement of issues may not exceed three pages. The parties will meet and confer to agree on a date and manner for exchanging the parties' respective portions of the short joint statement of issues and the process for filing the short joint statement of issues.

3. All proposed motions in limine that are not either the subject of a stipulation or briefed via a short joint statement of issues will be briefed and filed in accordance with the California Rules of Court and the Los Angeles Superior Court Rules.

| SHORT TITLE: | CASE NUMBER: |
|---|---|
|  |  |

~~The following parties stipulate:~~

Date: _____

_____
(TYPE OR PRINT NAME)

> _____
(ATTORNEY FOR PLAINTIFF)

Date: _____

_____
(TYPE OR PRINT NAME)

> _____
(ATTORNEY FOR DEFENDANT)

Date: _____

_____
(TYPE OR PRINT NAME)

> _____
(ATTORNEY FOR DEFENDANT)

Date: _____

_____
(TYPE OR PRINT NAME)

> _____
(ATTORNEY FOR DEFENDANT)

Date: _____

_____
(TYPE OR PRINT NAME)

> _____
(ATTORNEY FOR _____)

Date: _____

_____
(TYPE OR PRINT NAME)

> _____
(ATTORNEY FOR _____)

Date: _____

_____
(TYPE OR PRINT NAME)

> _____
(ATTORNEY FOR _____)

## THE COURT SO ORDERS.

Date: _____

_____
JUDICIAL OFFICER

Exhibit A  Page 32

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER | Reserved for Clerk's Fee Stamp |
|---|---|---|
| TELEPHONE NO.:                 FAX NO. (Optional): E-MAIL ADDRESS (Optional): ATTORNEY FOR (Name): | | |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES**

COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| **INFORMAL DISCOVERY CONFERENCE** (pursuant to the Discovery Resolution Stipulation of the parties) | CASE NUMBER: |
|---|---|

1. This document relates to:
   - ☐ Request for Informal Discovery Conference.
   - ☐ Answer to Request for Informal Discovery Conference
2. Deadline for Court to decide on Request: _____ (Insert date 10 calendar days following filing of the Request).
3. Deadline for Court to hold Informal Discovery Conference: _____ (Insert date 20 calendar days following filing of the Request).
4. **For a Request for Informal Discovery Conference, <u>briefly</u> describe the nature of the discovery dispute, including the facts and legal arguments at issue.  For an Answer to Request for Informal Discovery Conference, <u>briefly</u> describe why the Court should deny the requested discovery, including the facts and legal arguments at issue.**

**INFORMAL DISCOVERY CONFERENCE**
(pursuant to the Discovery Resolution Stipulation of the parties)

Exhibit A  Page 33

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
## ALTERNATIVE DISPUTE RESOLUTION (ADR) INFORMATION PACKAGE
[CRC 3.221 Information about Alternative Dispute Resolution]
For additional ADR information and forms visit the Court ADR web application at www.lasuperiorcourt.org (click on ADR).

The plaintiff shall serve a copy of this Information Package on each defendant along with the complaint (Civil only).

**What is ADR:**
Alternative Dispute Resolution (ADR) is the term used to describe all the other options available for settling a dispute which once had to be settled in court. ADR processes, such as arbitration, mediation, neutral evaluation (NE), and settlement conferences, are less formal than a court process and provide opportunities for parties to reach an agreement using a problem-solving approach.

There are many different kinds of ADR. All of them utilize a "neutral", an impartial person, to decide the case or help the parties reach an agreement.

**Mediation:**
In mediation, a neutral person called a "mediator" helps the parties try to reach a mutually acceptable resolution of the dispute. The mediator does not decide the dispute but helps the parties communicate so they can try to settle the dispute themselves. Mediation leaves control of the outcome with the parties.

**Cases for Which Mediation May Be Appropriate**
Mediation may be particularly useful when parties have a dispute between or among family members, neighbors, or business partners. Mediation is also effective when emotions are getting in the way of resolution. An effective mediator can hear the parties out and help them communicate with each other in an effective and nondestructive manner.

**Cases for Which Mediation May Not Be Appropriate**
Mediation may not be effective if one of the parties is unwilling to cooperate or compromise. Mediation also may not be effective if one of the parties has a significant advantage in power over the other. Therefore, it may not be a good choice if the parties have a history of abuse or victimization.

**Arbitration:**
In arbitration, a neutral person called an "arbitrator" hears arguments and evidence from each side and then decides the outcome of the dispute. Arbitration is less formal than a trial, and the rules of evidence are often relaxed. Arbitration may be either "binding" or "nonbinding." *Binding arbitration* means that the parties waive their right to a trial and agree to accept the arbitrator's decision as final. *Nonbinding arbitration* means that the parties are free to request a trial if they do not accept the arbitrator's decision.

**Cases for Which Arbitration May Be Appropriate**
Arbitration is best for cases where the parties want another person to decide the outcome of their dispute for them but would like to avoid the formality, time, and expense of a trial. It may also be appropriate for complex matters where the parties want a decision-maker who has training or experience in the subject matter of the dispute.

**Cases for Which Arbitration May Not Be Appropriate**
If parties want to retain control over how their dispute is resolved, arbitration, particularly binding arbitration, is not appropriate. In binding arbitration, the parties generally cannot appeal the arbitrator's award, even if it is not supported by the evidence or the law. Even in nonbinding arbitration, if a party requests a trial and does not receive a more favorable result at trial than in arbitration, there may be penalties.

**Neutral Evaluation:**
In neutral evaluation, each party gets a chance to present the case to a neutral person called an "evaluator." The evaluator then gives an opinion on the strengths and weaknesses of each party's evidence and arguments and about how the dispute could be resolved. The evaluator is often an expert in the subject matter of the dispute. Although the evaluator's opinion is not binding, the parties typically use it as a basis for trying to negotiate a resolution of the dispute.

**Cases for Which Neutral Evaluation May Be Appropriate**
Neutral evaluation may be most appropriate in cases in which there are technical issues that require special expertise to resolve or the only significant issue in the case is the amount of damages,

**Cases for Which Neutral Evaluation May Not Be Appropriate**
Neutral evaluation may not be appropriate when there are significant personal or emotional barriers to resolving the dispute.

**Settlement Conferences:**
Settlement conferences may be either mandatory or voluntary. In both types of settlement conferences, the parties and their attorneys meet with a judge or a neutral person called a "settlement officer" to discuss possible settlement of their dispute. The judge or settlement officer does not make a decision in the case but assists the parties in evaluating the strengths and weaknesses of the case and in negotiating a settlement. Settlement conferences are appropriate in any case where settlement is an option. Mandatory settlement conferences are often held close to the date a case is set for trial.

Exhibit A  Page 34

## LOS ANGELES SUPERIOR COURT ADR PROGRAMS

CIVIL:
- **Civil Action Mediation** (Governed by Code of Civil Procedure (CCP) sections 1775-1775.15, California Rules of Court, rules 3.850-3.868 and 3.890-3.898 Evidence Code sections 1115-1128, and Los Angeles Superior Court Rules, chapter 12.)
- **Retired Judge Settlement Conference**
- **Neutral Evaluation** (Governed by Los Angeles Superior Court Rules, chapter 12.)
- **Judicial Arbitration** (Governed by Code of Civil Procedure sections 1141.10-1141.31, California Rules of Court, rules 3.810-3.830, and Los Angeles Superior Court Rules, chapter 12.)
- **Eminent Domain Mediation** (Governed by Code of Civil Procedure section 1250.420.)
- **Civil Harassment Mediation**
- **Small Claims Mediation**

FAMILY LAW (non-custody):
- **Mediation**
- **Forensic Certified Public Accountant (CPA) Settlement Conference**
- **Settlement Conference**
- **Nonbinding Arbitration** (Governed by Family Code section 2554.)

PROBATE:
- **Mediation**
- **Settlement Conference**

### NEUTRAL SELECTION

Parties may select a mediator, neutral evaluator, or arbitrator from the Court Party Select Panel or may hire someone privately, at their discretion. If the parties utilize the Random Select Mediation or Arbitration Panel, the parties will be assigned on a random basis the name of one neutral who meets the case criteria entered on the court's website.

### COURT ADR PANELS

| | |
|---|---|
| Party Select Panel | The Party Select Panel consists of mediators, neutral evaluators, and arbitrators who have achieved a specified level of experience in court-connected cases. The parties (collectively) may be charged $150.00 per hour for the first three hours of hearing time. Thereafter, the parties may be charged for additional hearing time on an hourly basis at rates established by the neutral if the parties consent in writing. |
| Random Select Panel | The Random Select Panel consists of trained mediators, neutral evaluators, and arbitrators who have not yet gained the experience to qualify for the Party Select Panel, as well as experienced neutrals who make themselves available pro bono as a way of supporting the judicial system. It is the policy of the Court that all Random Select panel volunteer mediators, neutral evaluators, and arbitrators provide three hours hearing time per case. Thereafter, the parties may be charged for additional hearing time on an hourly basis at rates established by the neutral if the parties consent in writing. |
| Private Neutral | The market rate for private neutrals can range from $300-$1,000 per hour. |

### ADR ASSISTANCE

For assistance regarding ADR, please contact the ADR clerk at the courthouse in which your case was filed.

| COURTHOUSE | ADDRESS | ROOM | CITY | PHONE | FAX |
|---|---|---|---|---|---|
| Antonovich | 42011 4th St. West | None | Lancaster, CA  93534 | (661)974-7275 | (661)974-7060 |
| Chatsworth | 9425 Penfield Ave. | 1200 | Chatsworth, CA  91311 | (818)576-8565 | (818)576-8687 |
| Compton | 200 W. Compton Blvd. | 1002 | Compton, CA  90220 | (310)603-3072 | (310)223-0337 |
| Glendale | 600 E. Broadway | 273 | Glendale, CA  91206 | (818)500-3160 | (818)548-5470 |
| Long Beach | 415 W. Ocean Blvd. | 316 | Long Beach, CA  90802 | (562)491-6272 | (562)437-3802 |
| Norwalk | 12720 Norwalk Blvd. | 308 | Norwalk, CA  90650 | (562)807-7243 | (562)462-9019 |
| Pasadena | 300 E. Walnut St. | 109 | Pasadena, CA  91101 | (626)356-5685 | (626)666-1774 |
| Pomona | 400 Civic Center Plaza | 106 | Pomona, CA  91766 | (909)620-3183 | (909)629-6283 |
| San Pedro | 505 S. Centre | 209 | San Pedro, CA  90731 | (310)519-6151 | (310)514-0314 |
| Santa Monica | 1725 Main St. | 203 | Santa Monica, CA  90401 | (310)260-1829 | (310)319-6130 |
| Stanley Mosk | 111 N. Hill St. | 113 | Los Angeles, CA  90012 | (213)974-5425 | (213)633-5115 |
| Torrance | 825 Maple Ave. | 100 | Torrance, CA  90503 | (310)222-1701 | (310)782-7326 |
| Van Nuys | 6230 Sylmar Ave. | 418 | Van Nuys, CA  91401 | (818)374-2337 | (818)902-2440 |

Partially Funded by the Los Angeles County Dispute Resolution Program
A complete list of the County Dispute Resolution Programs is available online and upon request in the Clerk's Office.

Exhibit A  Page 35

## SUPERIOR COURT OF CALIFORNIA
## COUNTY OF LOS ANGELES

### Information About Alternative Dispute Resolution:

California Rules of Court, rule 3.221, requires counties participating in the Dispute Resolution Programs Act ("DRPA"), to provide information about the availability of local dispute resolution programs funded under DRPA. In Los Angeles County, these services are made possible through major support from the Los Angeles County Department of Community and Senior Services through DRPA. The list of the local dispute resolution programs funded in Los Angeles County is set forth below.

Superior Court of California, Los Angeles County, ADR Office (213) 974-5425
www.lasuperiorcourt.org/ADR

Staff and volunteers of the following identified agencies are not employees of the Los Angeles Superior Court:

Asian-Pacific American Dispute Resolution Center (213) 250-8190 www.apadrc.org

California Academy of Mediation Professionals (818) 377-7250 www.mediationprofessionals.org

California Lawyers for the Arts, Arbitration and Mediation Service (310) 998-5590 www.calawyersforthearts.org/

Center for Conflict Resolution (818) 705-1090 www.ccr4peace.org

Inland Valleys Justice Center (909) 621-7479 www.ivjc.org

Korean American Coalition 4.29 Center (213) 365-5999 www.kacla.org

Los Angeles City Attorney's Office Dispute Resolution Program (213) 485-8324
www.lacity.org/mediate

Los Angeles County Bar Association Dispute Resolution Services
(877) 473-7658 (323) 930-1841 (888) 922-1322 (562) 570-1019 www.lacba.org/drs

Los Angeles County Department of Consumer Affairs (213) 974-0825

The Loyola Law School Center for Conflict Resolution (213) 736-1145 www.lls.edu/ccr

City of Norwalk Dispute Resolution Program (562) 929-5603
www.ci.norwalk.ca.us/socialservices2.asp

---

*These programs do not offer legal advice or help you respond to a summons,
but they can assist in resolving your problem through mediation.*

**Dispute Resolution Programs Act
Contracts Administration Office: (213) 738-2621**

---

LAADR 007 (Rev. 04/10)
LASC Approved 07-04

### INFORMATION ABOUT
### ALTERNATIVE DISPUTE RESOLUTION

| NAME, ADDRESS, AND TELEPHONE NUMBER OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|

ATTORNEY FOR (Name):

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

COURTHOUSE ADDRESS:
Click on the button to select the appropriate court address.

PLAINTIFF:

DEFENDANT:

| STIPULATION TO PARTICIPATE IN ALTERNATIVE DISPUTE RESOLUTION (ADR) | CASE NUMBER: |
|---|---|

The undersigned parties stipulate to participate in an Alternative Dispute Resolution (ADR) process in the above-entitled action, as follows:

- ☐ Mediation
- ☐ Non-Binding Arbitration
- ☐ Binding Arbitration
- ☐ Early Neutral Evaluation
- ☐ Settlement Conference
- ☐ Other ADR Process *(describe)*: _____

Dated: _____

| Name of Stipulating Party<br>☐ Plaintiff ☐ Defendant ☐ Cross-defendant | Name of Party or Attorney Executing Stipulation | Signature of Party or Attorney |
|---|---|---|
| Name of Stipulating Party<br>☐ Plaintiff ☐ Defendant ☐ Cross-defendant | Name of Party or Attorney Executing Stipulation | Signature of Party or Attorney |
| Name of Stipulating Party<br>☐ Plaintiff ☐ Defendant ☐ Cross-defendant | Name of Party or Attorney Executing Stipulation | Signature of Party or Attorney |
| Name of Stipulating Party<br>☐ Plaintiff ☐ Defendant ☐ Cross-defendant | Name of Party or Attorney Executing Stipulation | Signature of Party or Attorney |

☐ Additional signature(s) on reverse

STIPULATION TO PARTICIPATE IN
ALTERNATIVE DISPUTE RESOLUTION (ADR)

Exhibit A  Page 37

| Short Title | Case Number |
|---|---|
| | |

| Name of Stipulating Party<br>☐ Plaintiff ☐ Defendant ☐ Cross-defendant | Name of Party or Attorney Executing Stipulation | Signature of Party or Attorney |
|---|---|---|
| Name of Stipulating Party<br>☐ Plaintiff ☐ Defendant ☐ Cross-defendant | Name of Party or Attorney Executing Stipulation | Signature of Party or Attorney |
| Name of Stipulating Party<br>☐ Plaintiff ☐ Defendant ☐ Cross-defendant | Name of Party or Attorney Executing Stipulation | Signature of Party or Attorney |
| Name of Stipulating Party<br>☐ Plaintiff ☐ Defendant ☐ Cross-defendant | Name of Party or Attorney Executing Stipulation | Signature of Party or Attorney |
| Name of Stipulating Party<br>☐ Plaintiff ☐ Defendant ☐ Cross-defendant | Name of Party or Attorney Executing Stipulation | Signature of Party or Attorney |
| Name of Stipulating Party<br>☐ Plaintiff ☐ Defendant ☐ Cross-defendant | Name of Party or Attorney Executing Stipulation | Signature of Party or Attorney |
| Name of Stipulating Party<br>☐ Plaintiff ☐ Defendant ☐ Cross-defendant | Name of Party or Attorney Executing Stipulation | Signature of Party or Attorney |
| Name of Stipulating Party<br>☐ Plaintiff ☐ Defendant ☐ Cross-defendant | Name of Party or Attorney Executing Stipulation | Signature of Party or Attorney |
| Name of Stipulating Party<br>☐ Plaintiff ☐ Defendant ☐ Cross-defendant | Name of Party or Attorney Executing Stipulation | Signature of Party or Attorney |
| Name of Stipulating Party<br>☐ Plaintiff ☐ Defendant ☐ Cross-defendant | Name of Party or Attorney Executing Stipulation | Signature of Party or Attorney |

LAADR 001 10-04
LASC Approved
(Rev. 01-07)

**STIPULATION TO PARTICIPATE IN
ALTERNATIVE DISPUTE RESOLUTION (ADR)**

Cal. Rules of Court, rule 3.221
Page 2 of 2

Exhibit A  Page 38

## INSTRUCTIONS FOR HANDLING UNLIMITED CIVIL CASES

The following critical provisions of the Chapter Seven Rules, as applicable in the Central District, are summarized for your assistance.

### APPLICATION

The Chapter Seven Rules were effective January 1, 1994. They apply to all general civil cases.

### PRIORITY OVER OTHER RULES

The Chapter Seven Rules shall have priority over all other Local Rules to the extent the others are inconsistent.

### CHALLENGE TO ASSIGNED JUDGE

A challenge under Code of Civil Procedure section 170.6 must be made within 15 days after notice of assignment for all purposes to a judge, or if a party has not yet appeared, within 15 days of the first appearance.

### TIME STANDARDS

Cases assigned to the Individual Calendaring Court will be subject to processing under the following time standards:

**COMPLAINTS:** All complaints shall be served within 60 days of filing and proof of service shall be filed within 90 days of filing.

**CROSS-COMPLAINTS:** Without leave of court first being obtained, no cross-complaint may be filed by any party after their answer is filed. Cross-complaints shall be served within 30 days of the filing date and a proof of service filed within 60 days of the filing date.

A Status Conference will be scheduled by the assigned Independent Calendar Judge no later than 270 days after the filing of the complaint. Counsel must be fully prepared to discuss the following issues: alternative dispute resolution, bifurcation, settlement, trial date, and expert witnesses.

### FINAL STATUS CONFERENCE

The Court will require the parties at a status conference not more than 10 days before the trial to have timely filed and served all motions in limine, bifurcation motions, statements of major evidentiary issues, dispositive motions, requested jury instructions, and special jury instructions and special jury verdicts. These matters may be heard and resolved at this conference. At least 5 days before this conference, counsel must also have exchanged lists of exhibits and witnesses and have submitted to the court a brief statement of the case to be read to the jury panel as required by Chapter Eight of the Los Angeles Superior Court Rules.

### SANCTIONS

The court will impose appropriate sanctions for the failure or refusal to comply with Chapter Seven Rules, orders made by the Court, and time standards or deadlines established by the Court or by the Chapter Seven Rules. Such sanctions may be on a party or if appropriate on counsel for the party.

**This is not a complete delineation of the Chapter Seven Rules, and adherence only to the above provisions is therefore not a guarantee against the imposition of sanctions under Trial Court Delay Reduction. Careful reading and compliance with the actual Chapter Rules is absolutely imperative.**

Exhibit A  Page 39

# EXHIBIT "B"

CIV-130

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|
| Daniel F. Gaines, Esq. SBN 251488<br>Alex P. Katofsky, Esq. SBN 202754<br>GAINES & GAINES, APLC<br>21550 Oxnard Street, Suite 980<br>Woodland Hills, CA 91367<br>TELEPHONE NO.: (818) 703-8985  FAX NO. *(Optional):* (818) 703-8984<br>E-MAIL ADDRESS *(Optional):* daniel@gaineslawfirm.com<br>ATTORNEY FOR *(Name):* Plaintiff Rick Young | |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF Los Angeles
STREET ADDRESS: 600 S. Commonwealth Avenue
MAILING ADDRESS:
CITY AND ZIP CODE: Los Angeles, 90005
BRANCH NAME:

PLAINTIFF/PETITIONER: Rick Young
DEFENDANT/RESPONDENT: Hilton Worldwide, Inc. et al.

| NOTICE OF ENTRY OF JUDGMENT<br>OR ORDER | CASE NUMBER:<br>BC477922 |
|---|---|
| *(Check one):*   [X]  UNLIMITED CASE<br>(Amount demanded<br>exceeded $25,000)    [ ]  LIMITED CASE<br>(Amount demanded was<br>$25,000 or less) | |

**TO ALL PARTIES :**

1.  A judgment, decree, or order was entered in this action on *(date):* February 10, 2012


2.  A copy of the judgment, decree, or order is attached to this notice.



Date: February 23, 2012

Alex P. Katofsky, Esq.
(TYPE OR PRINT NAME OF   [X]  ATTORNEY   [ ]  PARTY WITHOUT ATTORNEY)

▶ _____
                                        (SIGNATURE)

Page 1 of 2

Form Approved for Optional Use<br>Judicial Council of California<br>CIV-130 [New January 1, 2010]   **NOTICE OF ENTRY OF JUDGMENT OR ORDER**   Legal<br>Solutions<br>Plus

Exhibit B  Page 40

CIV-130

| PLAINTIFF/PETITIONER: Rick Young | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: Hilton Worldwide, Inc. et al. | BC477922 |

## PROOF OF SERVICE BY FIRST-CLASS MAIL
### NOTICE OF ENTRY OF JUDGMENT OR ORDER

*(NOTE: You cannot serve the Notice of Entry of Judgment or Order if you are a party in the action. The person who served the notice must complete this proof of service.)*

1. I am at least 18 years old and **not a party to this action.** I am a resident of or employed in the county where the mailing took place, and my residence or business address is *(specify):*

   21550 Oxnard Street, Suite 980
   Woodland Hills, CA 91367

2. I served a copy of the *Notice of Entry of Judgment or Order* by enclosing it in a sealed envelope with postage fully prepaid and *(check one):*

   a. ☐ deposited the sealed envelope with the United States Postal Service.

   b. ☒ placed the sealed envelope for collection and processing for mailing, following this business's usual practices, with which I am readily familiar. On the same day correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service.

3. The *Notice of Entry of Judgment or Order* was mailed:

   a. on *(date):* February 23, 2012

   b. from *(city and state):* Woodland Hills, CA

4. The envelope was addressed and mailed as follows:

   a. Name of person served: Hilton
   Reservations Worldwide, LLC
   Street address: 2730 Gateway Oaks Dr
   City: Sacramento
   State and zip code: CA 95833

   c. Name of person served: Eric A. Grover,
   Esq. KELLER GROVER
   Street address: 1965 Market Street
   City: San Francisco
   State and zip code: CA 90005

   b. Name of person served: Hilton
   Worldwide, Inc.
   Street address: 2730 Gateway Oaks
   City: Sacramento
   State and zip code: CA 95833

   d. Name of person served:

   Street address:

   City:

   State and zip code:

   ☐ Names and addresses of additional persons served are attached. *(You may use form POS-030(P).)*

5. Number of pages attached 1

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date: February 23, 2012

Wendy Shore
_____
(TYPE OR PRINT NAME OF DECLARANT)

▶ Wendy Shore
_____
(SIGNATURE OF DECLARANT)

CIV-130 [New January 1, 2010]    **NOTICE OF ENTRY OF JUDGMENT OR ORDER**    Exhibit B  Page 41

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

DATE: 02/10/12

HONORABLE ELIHU M. BERLE                    JUDGE

HONORABLE
18
              L. PLAZOLA, C.A.          Deputy Sheriff

DEPT. 323

S. McKINNEY                    DEPUTY CLERK

                    ELECTRONIC RECORDING MONITOR

NONE                         Reporter

---

2:00 pm | BC477922

RICK YOUNG
VS
HILTON WORLDWIDE INC ET AL

COMPLEX  2-10-12

Plaintiff
Counsel
                    NO APPEARANCES
Defendant
Counsel

---

NATURE OF PROCEEDINGS:

COURT RULING RE COMPLEX DETERMINATION

This case is hereby determined to be complex within
the meaning of Rule 3.400 of the California Rules of
Court. The case is ordered reassigned to
Judge John Shepard Wiley, Jr. in Department 311
at the Central Civil West Courthouse for all further
proceedings and for all purposes.

The case is ordered stayed until the initial status
conference date. Notice of Initial Status Conference
is to be given by the Clerk in Department 311.
No responsive pleadings may be filed until further
order of the Court. Parties may file a Notice of
Appearance in lieu of an answer or other responsive
pleading. The filing of a Notice of Appearance shall
not constitute a general appearance, and shall not
waive any substantive or procedural challenge to the
complaint. Nothing herein stays the time for filing
affidavit of prejudice pursuant to Code of Civil
Procedure section 170.6.

Pursuant to Government Code section 70616 (c), each
party is ordered to pay $550.00 for complex fees,
payable to Los Angeles Superior Court, within ten
(10) calendar days from this date.

Plaintiff is ordered to forthwith serve a copy of
this minute order on all parties, and to file a proof

                    Page   1 of  3    DEPT. 323

MINUTES ENTERED
02/10/12
COUNTY CLERK

Exhibit B  Page 42

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

| | | |
|---|---|---|
| DATE: 02/10/12 | | DEPT. 323 |
| HONORABLE ELIHU M. BERLE       JUDGE | S. McKINNEY | DEPUTY CLERK |
| HONORABLE                     JUDGE PRO TEM | | ELECTRONIC RECORDING MONITOR |
| 18    L. PLAZOLA, C.A.   Deputy Sheriff | NONE | Reporter |

| | | |
|---|---|---|
| 2:00 pm | BC477922 | Plaintiff Counsel |
| | RICK YOUNG | NO APPEARANCES |
| | VS | Defendant |
| | HILTON WORLDWIDE INC ET AL | Counsel |
| | COMPLEX  2-10-12 | |

**NATURE OF PROCEEDINGS:**

of service in the assigned department within seven (7)
days of service.

Any party objecting to the complex designation must
file an objection with proof of service in
Department 323 within ten (10) days of service of
this minute order. Any response to the objection must
be filed in Department 323 within seven (7) days of
service of the objection. This Court will make its
ruling on the submitted pleadings.

CLERK'S CERTIFICATE OF MAILING/
NOTICE OF ENTRY OF ORDER

I, the below named Executive Officer/Clerk of the
above-entitled court, do hereby certify that I am not
a party to the cause herein, and that this date I
served Notice of Entry of the above minute order of
2-10-12 upon each party or counsel named below by
depositing in the United States mail at the courthouse
in Los Angeles, California, one copy of the
original entered herein in a separate sealed envelope
for each, addressed as shown below with the postage
thereon fully prepaid.

Date: February 10, 2012

John A. Clarke, Executive Officer/Clerk

Page   2 of  3    DEPT. 323

MINUTES ENTERED
02/10/12
COUNTY CLERK

Exhibit B  Page 43

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

| | | DEPT. 323 |
|---|---|---|
| DATE: 02/10/12 | | |
| HONORABLE ELIHU M. BERLE    JUDGE | S. MCKINNEY | DEPUTY CLERK |
| HONORABLE                   JUDGE PRO TEM | | ELECTRONIC RECORDING MONITOR |
| 18 | | |
| L. PLAZOLA, C.A.    Deputy Sheriff | NONE | Reporter |

| 2:00 pm | BC477922 | Plaintiff<br>Counsel | NO APPEARANCES |
|---|---|---|---|
| | RICK YOUNG | | |
| | VS | Defendant | |
| | HILTON WORLDWIDE INC ET AL | Counsel | |
| | | | |
| | COMPLEX   2-10-12 | | |

NATURE OF PROCEEDINGS:


By: _____
          S. MCKinney, deputy


Eric A. Grover, Esq.
KELLER GROVER LLP
1965 Market Street
San Francisco, CA   94103

MINUTES ENTERED
02/10/12
COUNTY CLERK

Exhibit B  Page 44

CIV-130

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address): | FOR COURT USE ONLY |
|---|---|
| Daniel F. Gaines, Esq. SBN 251488<br>Alex P. Katofsky, Esq. SBN 202754<br>GAINES & GAINES, APLC<br>21550 Oxnard Street, Suite 980<br>Woodland Hills, CA 91367<br>TELEPHONE NO.: (818) 703-8985  FAX NO. (Optional): (818) 703-8984<br>E-MAIL ADDRESS (Optional): daniel@gaineslawfirm.com<br>ATTORNEY FOR (Name): Plaintiff Rick Young | |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF Los Angeles
STREET ADDRESS: 600 S. Commonwealth Avenue
MAILING ADDRESS:
CITY AND ZIP CODE: Los Angeles, 90005
BRANCH NAME:

PLAINTIFF/PETITIONER: Rick Young
DEFENDANT/RESPONDENT: Hilton Worldwide, Inc. et al.

| NOTICE OF ENTRY OF JUDGMENT<br>OR ORDER | CASE NUMBER:<br>BC477922 |
|---|---|
| (Check one): [X] UNLIMITED CASE<br>(Amount demanded<br>exceeded $25,000)    [ ] LIMITED CASE<br>(Amount demanded was<br>$25,000 or less) | |

TO ALL PARTIES :

1.  A judgment, decree, or order was entered in this action on (date): February 15, 2012

2.  A copy of the judgment, decree, or order is attached to this notice.

Date: February 23, 2012

Alex. P. Katofsky, Esq.
(TYPE OR PRINT NAME OF [X] ATTORNEY [ ] PARTY WITHOUT ATTORNEY)

▶ _____
(SIGNATURE)

Page 1 of 2

Form Approved for Optional Use
Judicial Council of California
CIV-130 [New January 1, 2010]

**NOTICE OF ENTRY OF JUDGMENT OR ORDER**

Legal
Solutions
ⓒ Plus

Exhibit B  Page 45

CIV-130

| | |
|---|---|
| PLAINTIFF/PETITIONER: Rick Young | CASE NUMBER: |
| DEFENDANT/RESPONDENT: Hilton Worldwide, Inc. et al. | BC477922 |

## PROOF OF SERVICE BY FIRST-CLASS MAIL
### NOTICE OF ENTRY OF JUDGMENT OR ORDER

*(NOTE: You cannot serve the Notice of Entry of Judgment or Order if you are a party in the action. The person who served the notice must complete this proof of service.)*

1. I am at least 18 years old and **not a party to this action.** I am a resident of or employed in the county where the mailing took place, and my residence or business address is *(specify)*:
   21550 Oxnard Street, Suite 980
   Woodland Hills, CA 91367

2. I served a copy of the *Notice of Entry of Judgment or Order* by enclosing it in a sealed envelope with postage fully prepaid and *(check one):*
   a. ☐ deposited the sealed envelope with the United States Postal Service.
   b. ☒ placed the sealed envelope for collection and processing for mailing, following this business's usual practices, with which I am readily familiar. On the same day correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service.

3. The *Notice of Entry of Judgment or Order* was mailed:
   a. on *(date):* February 23, 2012
   b. from *(city and state):* Woodland Hills, CA

4. The envelope was addressed and mailed as follows:
   a. Name of person served: Hilton
      Reservations Worldwide, LLC
      Street address: 2730 Gateway Oaks Dr
      City: Sacramento
      State and zip code: CA 95833

   b. Name of person served: Hilton
      Worldwide, Inc.
      Street address: 2730 Gateway Oaks
      City: Sacramento
      State and zip code: CA 95833

   c. Name of person served: Eric A. Grover,
      Esq. KELLER GROVER
      Street address: 1965 Market Street
      City: San Francisco
      State and zip code: CA 90005

   d. Name of person served:
      Street address:
      City:
      State and zip code:

   ☐ Names and addresses of additional persons served are attached. *(You may use form POS-030(P).)*

5. Number of pages attached 1 .

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date: February 23, 2012

Wendy Shore
_____
(TYPE OR PRINT NAME OF DECLARANT)

▶ *Wendy Shore* (signature)
_____
(SIGNATURE OF DECLARANT)

CIV-130 [New January 1, 2010]       **NOTICE OF ENTRY OF JUDGMENT OR ORDER**

Exhibit B  Page 46

NOTICE SENT TO:

Gaines, Kenneth S., Esq.
Gaines & Gaines, APLC
21550 Oxnard Street, Suite 980
Woodland Hills,        CA  91367

ORIGINAL FILED

FEB 15 2012

LOS ANGELES
SUPERIOR COURT

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

| | | CASE NUMBER |
|---|---|---|
| RICK YOUNG | Plaintiff(s), | BC477922 |
| VS. | | |
| HILTON WORLDWIDE INC ET AL | Defendant(s). | **NOTICE OF STATUS CONFERENCE AND ORDER** |

To plaintiff/petitioner and self-represented parties: Notice is hereby given that the Status Conference in the above-entitled action will be held on <u>March 19, 2012</u> at <u>8:30 am</u> in Department <u>311</u> of the Central District, located at 600 South Commonwealth Avenue, Los Angeles, California 90005. Re: <u>Status Conference</u>

At the Status Conference the Court will determine the present status of the case, how to achieve compliance with time standards, whether any party has not been diligent in pursuing the case, and will make appropriate orders intended to move this matter forward to final disposition.

[X] Plaintiff/Petitioner and self-represented parties must appear at the Status Conference unless within five days before the status conference, the following has occurred:

[ ] Arbitration Award has been filed.        [ ] A Request for Trial De Novo has been filed.
[X] Judgment has been entered.                [ ] Statement of Agreement has been filed.
[X] A Request for Dismissal of the entire action has been filed.
[ ] Other:_

## ORDER

[X]   Plaintiff/Petitioner is ordered to give notice of said hearing forthwith to any party served with summons and complaint before the status conference hearing and file a Proof of Service in this department within five days before the hearing.

   **Failure to comply or appear may result in an Order to Show Cause re the imposition of sanctions.**

Dated: <u>February 15, 2012</u>

JOHN SHEPARD WILEY JR.
_____
Judicial Officer

### CERTIFICATE OF MAILING

I, the below named Executive Officer/Clerk of the above-entitled court, do hereby certify that I am not a party to the cause herein, and that on this date I served the Notice of Status Conference and Order upon each party or counsel named above by depositing in the United States mail at the courthouse in Los Angeles, California, one copy of the original filed/entered herein in a separate sealed envelope to each address as shown above with the postage thereon fully prepaid.

Dated: <u>February 15, 2012</u>                    John A. Clarke, EXECUTIVE OFFICER/CLERK

                              By  <u>TERESA A. ____</u>          , Deputy Clerk

NOTICE OF STATUS CONFERENCE AND ORDER

LACIV 167 (Rev. 01/07)                          LASC Local Rules, Chapter 7
LASC Approved 06-04                             Cal. Rules of Court, rule 2.2 et seq.

Exhibit B  Page 47



$000.650

02 1P
0003320085   FEB 23 2012
MAILED FROM ZIP CODE 91367

**GAINES&GAINES**
A PROFESSIONAL LAW CORPORATION
21550 OXNARD STREET
SUITE 980
WOODLAND HILLS, CALIFORNIA 91367

CSC - Corporation Service Company
2730 Gateway Oaks Dr
Sacramento, CA 95833

Exhibit B   Page 48

# PROOF OF SERVICE

I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action. My business address is 1100 Glendon Avenue, 14th Floor, Los Angeles, California 90024-3503. On March 2, 2012, I served the within document(s) described as:

## NOTICE OF REMOVAL OF CIVIL ACTION

on the interested parties in this action as stated below:

| | |
|---|---|
| Eric A. Grover, Esq. | Kenneth S. Gaines, Esq. |
| Carey G. Been, Esq. | Daniel F. Gaines, Esq. |
| KELLER GROVER LLP | GAINES & GAINES, APLC |
| 1965 Market Street | 21550 Oxnard Street, Suite 980 |
| San Francisco, California 94103 | Woodland Hills, California 91367 |
| | |
| *Attorneys for Plaintiff Rick Young* | *Attorneys for Plaintiff Rick Young* |

[X] (BY OVERNIGHT DELIVERY) I deposited in a box or other facility regularly maintained by Federal Express, an express service carrier, or delivered to a courier or driver authorized by said express service carrier to receive documents, a true copy of the foregoing document(s) in a sealed envelope or package designated by the express service carrier, addressed as set forth above, with fees for overnight delivery paid or provided for.

I declare that I am employed in the offices of a member of the State Bar of this Court at whose direction the service was made. I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on March 2, 2012, at Los Angeles, California.

Christine Loui Pineda
_____
(Type or print name)                                   (Signature)

0041222/016/ 517642v02