1  Randall J. Sunshine, Esq. (SBN: 137363)
      rsunshine@linerlaw.com
2  Angela C. Agrusa, Esq. (SBN: 131337)
      aagrusa@linerlaw.com
3  Allen Lohse, Esq. (SBN: 236018)
      alohse@linerlaw.com
4  LINER GRODE STEIN YANKELEVITZ
   SUNSHINE REGENSTREIF & TAYLOR LLP
5  1100 Glendon Avenue, 14th Floor
   Los Angeles, California 90024-3503
6  Telephone: (310) 500-3500
   Facsimile: (310) 500-3501
7
   Attorneys for Defendant
8  HILTON WORLDWIDE, INC and
   HILTON RESERVATIONS WORLDWIDE, LLC
9

**JS-6**

10              **UNITED STATES DISTRICT COURT**

11              **CENTRAL DISTRICT OF CALIFORNIA**

12

13  RICK YOUNG, individually and on            ) Case No. CV12-1788 R (PJWx)
    behalf of a class and subclass of similarly )
14  situated individuals,                       ) Hon. Manuel L. Real
                                                )
15              Plaintiff,                      ) **ORDER GRANTING
                                                ) DEFENDANTS HILTON
16       vs.                                    ) WORLDWIDE, INC. AND
                                                ) HILTON RESERVATIONS
17  HILTON WORLDWIDE, INC.; HILTON ) WORLDWIDE, LLC'S MOTION
    RESERVATIONS WORLDWIDE, LLC;   ) TO DISMISS PLAINTIFF'S
18  and DOES 1 through 10, inclusive,           ) COMPLAINT**
                                                )
19              Defendants.                     ) Date:    June 4, 2012
                                                ) Time:    10:00 a.m.
20  _____) Courtroom: 8

21

22

23

24

25

26

27

28

                                              Case No. CV12-1788 R (PJWx)
                        [PROPOSED] ORDER
0041222/016/ 525586v02

**ORDER**

Defendants Hilton Worldwide, Inc. and Hilton Reservations Worldwide, LLC's (collectively "Hilton") Motion to Dismiss Plaintiff Rick Young's ("Plaintiff") Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6), or, in the alternative, Strike Class Allegations pursuant to Federal Rules of Civil Procedure 12(f) and 23, came before the Court for hearing on June 4, 2012.

After consideration of Hilton's "Notice of Motion to Dismiss Plaintiff's Complaint, Or, In the Alternative, Strike Class Allegations," and "Points and Authorities in Support of Motion to Dismiss Plaintiff's Complaint, Or, In the Alternative, Strike Class Allegations" [Dkt. #s 5, 6], Plaintiff's "Opposition to Defendants' Motion to Dismiss, Or In the Alternative, Strike Class Allegations" [Dkt. # 17], and Hilton's "Reply Brief in Support of Motion to Dismiss Plaintiff's Complaint, Or, In the Alternative, Strike Class Allegations" [Dkt. # 24], the argument of counsel, and all other matters presented to the Court, and as stated on the record of the proceeding, IT IS HEREBY ORDERED that Hilton's Motion to Dismiss is GRANTED and Plaintiff's Complaint is dismissed for the following reasons:

California's invasion of privacy law prohibits the recording of a two-way telephone conversation if one party does not know about the recording. See Cal. Penal Code, § 632. Plaintiff must allege that the telephone call to Hilton was a "confidential communication" under Penal Code Section 632(c). Kearney v. Salomon Smith Barney, Inc., 39 Cal. 4th 95, 117 (2006). Kearney recognized that a conversation is confidential within the meaning of section 632 "if a party to that conversation has an objectively reasonable expectation that the conversation is not being overheard or recorded." Id.

The Court concludes that Plaintiff had no objectively reasonable expectation that his conversation with the 1-800 HAMPTON number would not be overheard or recorded. Plaintiff's subjective beliefs that his telephone call was not being

1  overheard or recorded are insufficient to support the objective determination whether
2  the conversation was confidential under Section 632.  Here, Plaintiff called Hilton
3  for routine matters relating to reservations and billing.  The Complaint states no
4  circumstance that would support an expectation of privacy in such a call.  This
5  telephone call did not concern "personal financial affairs," as in Kearney, or private
6  family matters as in Flanagan v. Flanagan, 27 Cal. 4th 766, 771 (2002).  Plaintiff
7  knew, or should have known, that it would be necessary to share this information
8  with others who were not parties to the telephone conversation.
9       Therefore, Hilton's Motion to Dismiss is GRANTED.  Plaintiff's Complaint is
10 dismissed with prejudice.

12 IT IS SO ORDERED.

14 Dated:  June 18, 2012

                                     Hon. Manuel L. Real
                                     Judge, United States District Court

# PROOF OF SERVICE

I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action. My business address is 1100 Glendon Avenue, 14th Floor, Los Angeles, California 90024-3503. On June 14, 2012, I served the within document(s) described as:

**[PROPOSED] ORDER GRANTING DEFENDANTS HILTON WORLDWIDE, INC. AND HILTON RESERVATIONS WORLDWIDE, LLC'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT**

on the interested parties in this action as stated below:

Kenneth S. Gaines, Esq.
GAINES & GAINES, APLC
21550 Oxnard Street, Suite 980
Woodland Hills, California 91367

*Attorneys for Plaintiff Rick Young*

[X]  (BY MAIL) By placing a true copy of the foregoing document(s) in a sealed envelope addressed as set forth above. I am readily familiar with this firm's practice for collection and processing of correspondence for mailing. Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing contained in affidavit.

I declare that I am employed in the offices of a member of the State Bar of this Court at whose direction the service was made. I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on June 14, 2012, at Los Angeles, California.

Christine Loui Pineda
(Type or print name)                                        (Signature)

---

3                                              Case No.  CV12-1788 R (PJWx)
[PROPOSED] ORDER

0041222/016/ 525586v02