Angela C. Agrusa (SBN 131337)
    aagrusa@linerlaw.com
David B. Farkas (SBN 257137)
    dfarkas@linerlaw.com
LINER LLP
1100 Glendon Avenue, 14th Floor
Los Angeles, California 90024.3503
Telephone:  (310) 500-3500
Facsimile:   (310) 500-3501

JS-6

Attorneys for Defendants
HILTON WORLDWIDE, INC. and
HILTON RESERVATIONS WORLDWIDE, LLC

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICK YOUNG, individually and on behalf of a class and subclass of similarly situated individuals,<br><br>    Plaintiffs,<br><br>vs.<br><br>HILTON WORLDWIDE, INC.; HILTON RESERVATIONS WORLDWIDE, LLC; and DOES 1 through 10, inclusive,<br><br>    Defendants. | Case No. 2:12-cv-01788-R-(PJWx)<br><br>Hon. Manuel L. Real<br><br>**ORDER GRANTING DEFENDANTS HILTON WORLDWIDE, INC. and HILTON RESERVATIONS WORLDWIDE, LLC'S MOTION FOR JUDGMENT ON THE PLEADINGS**<br><br>Date:    June 23, 2014<br>Time:   10:00 a.m.<br>Crtrm.:  8 |

41222.016-1154928

Case No. 2:12-cv-01788-R-(PJWx)

ORDER GRANTING DEFENDANTS MOTION FOR JUDGMENT ON THE PLEADINGS

1   Defendants HILTON WORLDWIDE, INC.'s and HILTON
2   RESERVATIONS WORLDWIDE, LLC's ("Hilton") Motion for Judgment on the
3   Pleadings came on regularly to be heard on June 23, 2014 at 10:00 a.m. in
4   Courtroom 8.  The Court, having read and considered the moving, opposition, and
5   reply papers, the pleadings and other documents on file, argument of counsel, and
6   all other matters presented to the Court, and as stated on the record of the
7   proceeding, IT IS HEREBY ORDERED that Hilton's Motion for Judgment on the
8   Pleadings is GRANTED and Plaintiff's Complaint is dismissed with prejudice for
9   the following reasons:

10   Plaintiff Young brought a putative class action suit under the California
11   Invasion of Privacy Act ("CIPA") for the alleged recording of his phone calls to a
12   customer service representative of Hilton.  Young's claim under California Penal
13   Code Section 632 was dismissed.  After remand from the Ninth Circuit, only his
14   Section 632.7 claim remains.  Hilton moves for judgment on the pleadings to
15   dismiss Young's Complaint.

16   Young argues the judgment on the pleadings is premature as Hilton has yet to
17   file an answer, citing *Doe v. United States*, 419 Fed.3d 1058 (9th Cir. 2005), where
18   the plaintiff moved for judgment on the pleadings before an answer had been filed,
19   and the Ninth Circuit held it was premature.  This, however, is without merit.
20   Young, the opposing party, has filed all his pleadings.  Courts regularly hear
21   judgment on the pleadings by defendants before they have filed an answer, treating
22   the Rule 12(c) motion as a 12(b)(6) motion.  *See Culfin v. IBEW Local 11*, 2010 WL
23   2465393 (C.D. Cal. June 15, 2010); *Burkhart v. Banales*, 2009 WL 838137 (C.D.
24   Cal. March 26, 2009); *Rainwater v. Banales*, 2008 WL 5233138 (C.D. Cal.
25   December 15, 2008).

26   Judgment on the pleadings should be granted if after taking all the allegations
27   in the nonmoving party's pleadings as true, the movant is entitled to judgment as a
28   matter of law.  *Marshall Naify Revocable Trust v. United States*, 672 Fed.3d 620

1  (9th Cir. 2012).  Section 632 explicitly excludes communications received with a
2  radio from its purview.  In contrast Section 632.7 covers "[e]very person who
3  without the consent of all parties to a communication, *intercepts or receives* and
4  intentionally records," a communication involving a cellular phone or a cordless
5  phone.  Cal Pen. Code § 632.7.  As the California Supreme Court explained in
6  *Flanagan*, the California legislature was worried that "the advent of widespread use
7  of cellular radio telephone technology means that persons will be conversing over a
8  network which cannot guarantee privacy in the same way that it is guaranteed over
9  landline systems."  *Flanagan v. Flanagan*, 27 Cal.4th 766 (2002).

10  Sections 632.5, 632.6, and 632.7 restrict *third-party* interception of cellular
11  and cordless telephonic radio transmissions.  The statutory scheme makes it clear
12  that these sections refer to the actual interception or reception of these radio signals
13  by third parties and do not restrict the parties to a call from recording those calls.
14  The use of a landline telephone as Hilton allegedly did, was already expressly
15  covered in Section 632, and to give independent meaning to Section 632.7 it would
16  have to cover the radio signals it was meant to protect.

17  Further to any extent that Hilton received such calls, it had the consent from
18  the caller.  Moreover, the legislature did not limit the service observing monitoring
19  of calls that it is alleged in this case.  *See Shin v. Digi-Key Corporation*, 2012 WL
20  5503847 (C.D. Cal. September 17, 2012).  The context of the statutory scheme
21  along with legislative history make it clear that Section 632.7 does not reach
22  Hilton's alleged activity.  Hilton is not alleged to have received or intercepted a
23  radio transmission.  Hilton had permission to receive the phone calls and service
24  observing recordings are exempted.
25  / / /
26  / / /
27
28

1  Each of these exempt Hilton's alleged conduct from Section 632.7, and
2  because Young's CIPA claim fails to state claim as a matter of law, the Complaint is
3  dismissed with prejudice.

5  IT IS SO ORDERED.

7  DATED:  July 11,  2014

_____
Honorable Manuel L. Real